## UNITED STATES *v.* NORSCH.

*(Circuit Court, E. D. Missouri, E. D. June 12, 1890.)*

1. FEDERAL COURTS—JURISDICTION—CANCELING DECREE OF NATURALIZATION.
    The United States can sue in a federal court for the cancellation of a certificate or decree of naturalization, which has been obtained by fraud in a state court.

2. SAME—FRAUD—PLEADING.
    A bill by the United States in the federal court, to cancel the decree of naturalization of a state court, which merely alleges that defendant was admitted to become a citizen on his own application, without the examination of witnesses, and without inquiry by the court as to his qualifications; that defendant knew the facts stated in the decree were false: and that the decree was obtained by fraud practiced on the court,—is demurrable, though it shows the decree to have been erroneous, since defendant would not be guilty of fraud merely because he applied for naturalization, knowing that he was not entitled to it. Facts must be shown by the bill from which the court may judge whether the decree was fraudulently obtained, and the court imposed upon.

In Equity.

*Geo. D. Reynolds,* U. S. Dist. Atty.

*William C. Marshall,* for defendant.

THAYER, J. The right of the United States to sue for the cancellation of a certificate of decree of naturalization that has been obtained by fraud is probably co-extensive with the right now accorded the United States to sue for the cancellation of patents that have been fraudulently procured. *U. S.* v. *Telephone Co.,* 128 U. S. 315, 9 Sup. Ct. Rep. 90. As no controversy has arisen on this point, I shall assume that the attorney general had the right to file the present bill, even in the absence of any express legislative enactment authorizing such a proceeding. It is contended, however, that the federal courts have no power to nullify decrees of naturalization granted by state courts, although they were obtained by fraud; and, as this contention presents a question that is fundamental in all suits of this character, it will be first considered. I do not understand the claim to be that a decree of naturalization stands upon any different footing than judgments and decrees rendered in other judicial proceedings. It seems to be conceded, and I entertain no doubt, that fraud, when practiced upon a court in the trial of an application for naturalization, will vitiate an order admitting the applicant to citizenship, and that any court before whom such proceedings take place may, on the ground of fraud, mistake, or irregularity, vacate its own orders or decrees in that behalf made, provided such court is one having an inherent power to correct or annul its judgments or decrees, by petition, bill of review, or other similar and equivalent method of procedure. The question chiefly mooted, concerns the right of the federal courts to annul the judgments of state courts, or, what amounts to the same thing, to enjoin a person from exercising a right secured to him by the final judgment, order, or decree of a state court, made in a case over which it has jurisdiction. Fortunately there are what seem to me to be controlling adjudications on this question. In the case of *Gaines* v. *Fuentes,* 92 U. S. 10, it was held that the United States circuit court had jurisdiction of an

original bill to annul a will as a muniment of title, and to restrain the enforcement of a decree of a state court whereby the will had been established, upon the ground that such decree was obtained by false and insufficient testimony. This decision proceeded upon the ground that, as the suit was essentially a proceeding in equity to impeach a decree on the ground of fraud, and as the courts of the state could entertain such a bill, similar authority was vested in the federal courts, although the decree to be affected by the proceeding was a decree of a state court. In the subsequent case of *Barrow* v. *Hunton*, 99 U. S. 82, it was also held that an original bill in equity, brought to set aside a decree on the ground of fraud, may be maintained in the courts of the United States, though the judgment assailed is that of a state tribunal. It was further held, however, in that case, that an attack upon a judgment of a state court cannot be entertained by a federal court, where the proceeding is merely tantamount to a motion to set a judgment aside for irregularity, or to a writ of error, or to a petition or bill of review. Proceedings of the latter character, as a matter of course, are only maintainable in the court where the record remains. Proceedings to nullify judgments of state courts, or to enjoin parties from asserting any rights thereunder, have also been entertained by several circuit courts of the United States. Thus in *Amory* v. *Amory*, 12 Amer. Law Reg. N. S. 585, Judge DRUMMOND, sitting in the circuit court for the district of Wisconsin, entertained a bill to enjoin parties from asserting any rights under a decree of divorce granted in the state of New York, the bill showing that the decree had been fraudulently obtained in the state court. See, also, decisions to the same effect in *Smith* v. *Schwed*, 9 Fed. Rep. 483, and *Sahlgard* v. *Kennedy*, 1 McCrary, 291, 2 Fed. Rep. 295. In view of these authorities, I conclude that it is no objection to an original bill filed in a federal court to enjoin a party from asserting rights under a judgment or decree, on the ground of fraud practiced in procuring it, that the judgment or decree in question was rendered by a state court. It follows, of course, that it is no objection to this proceeding that the order of naturalization was entered in the St. Louis court of criminal correction, instead of a court of the United States. On the contrary, the fact that that court has no equity jurisdiction, no power to entertain a bill of review, and probably no power to set aside an order of naturalization on motion, rather strengthens the right of the government to sue in this court, if in point of fact the fraud complained of is of that character that will ordinarily suffice to invalidate a judgment.

This leads to the second important inquiry involved in the case, whether the matters averred in the bill are sufficient to sustain it, treating it as an original proceeding to impeach a judgment on the ground of fraud. The gist of the complaint seems to be that an alien, not at the time entitled to naturalization under any provision of the laws of the United States, was nevertheless admitted on his own application to become a citizen, by a court having jurisdiction of naturalization proceedings, without the examination of any witnesses in support of the application, and without any inquiry whatever by the court before whom the

proceeding took place as to the qualifications of the applicant for citizenship. As the bill avers that no witnesses were examined, and no testimony was offered or heard, it affirmatively appears that the decree of naturalization was not obtained by means of false or perjured testimony given in the course of the hearing, even if proof of that kind, without evidence of other fraudulent acts, would be sufficient to annul the order of naturalization, on an original bill filed for that purpose. It is true that the bill charges in one paragraph that defendant knew that the recitals contained in the decree of naturalization to him granted were false, and that the decree had been procured by "imposition and fraud practiced on the court." It is also true that the bill in another paragraph charges that defendant procured the decree in question, "contriving and conniving to work a fraud upon * * * the court," and that he accepted the decree knowing that "the court had been imposed upon," and had granted the decree "through mistake of the true facts," etc. But these averments do not aid the bill in any material respect, because in no place is the defendant, or any one acting in his behalf, accused of any fraudulent acts or conduct calculated to impose upon or deceive the court before whom the proceeding was pending. It will not do, in a bill of this character, to show merely that the judgment assailed is erroneous, and ought not to have been entered; neither will it suffice to charge generally that it was fraudulently procured, or that the court was imposed upon. A state of facts must be disclosed by the bill from which the court can see that the conclusions stated by the pleader, to the effect that the judgment was fraudulently procured, etc., are properly drawn.

It is apparent, I think, from the whole scope and tenor of the complaint, that it was drawn upon the theory that the defendant was guilty of a fraud in presenting himself before the court as a candidate for naturalization, knowing, as he is alleged to have known, that he was not then entitled, under any provisions of the laws of the United States, to become a citizen. If the bill discloses any fraud committed by the defendant, it is a fraud of that description, and none other. But as I have recently had occasion to rule, in the course of the trial of indictments for naturalization frauds in the district court, a person does not commit a fraud, in a legal sense, by merely applying to a court of justice for relief, or for the grant of some privilege, even though the applicant believes that under the law, rightly administered, he is not entitled to the relief sought or to the privilege claimed. Whatever a person's own opinion may be touching his right to relief in a given case, he is entitled to take the judgment of a court having jurisdiction to hear and determine the cause, and in so doing he commits no fraud. A litigant in such case only crosses the line dividing legal frauds from conduct that is merely reprehensible from a moral stand-point, when he resorts to false testimony, or to some trick or artifice, with a view of deceiving the court, and thereby obtaining a judgment to which he is not entitled. The present bill neither shows that the decree sought to be avoided was procured by false testimony given on behalf of the applicant on the hearing of the application for naturalization, or by means of any other fraudu-

lent device. It shows, indeed, that the decree was and is erroneous, and that it was likewise irregular, in that there was no such judicial inquiry into the case as the act of congress contemplates shall be had in such cases; but these are defects in the decree which can neither be remedied by a bill of this character, nor by this court. The demurrer is accordingly sustained.