McCARRAN v. COOPER et al.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

NATURALIZATION—PROCUREMENT BY FRAUD—ACTION TO SET ASIDE.

An individual cannot sue to set aside naturalization papers on the ground that they were procured by fraud, as the wrong was to the state and not to the individual.

Appeal from special term, New York county.

Action by Ann McCarran against Henry G. Cooper, impleaded with

others, to set aside an alleged fraudulent naturalization. A demurrer to the complaint was sustained, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, INGRAHAM, and PARKER, JJ.

George Bliss, for appellant.
James C. De La Mare, for respondent.

PARKER, J. This is a suit in equity, brought to set aside an alleged fraudulent naturalization obtained in the court of common pleas in the year 1866 by Patrick McKenna, by virtue of which the heirs at law and grantees of said Patrick claim to be, to the exclusion of plaintiff, the owners of all the real estate which James McKenna, a brother of the plaintiff and said Patrick, owned at the time of his death. All of the persons having or claiming some interest in or lien upon. the premises, whether as heirs at law or widow of said Patrick. McKenna, or by conveyance from said Patrick McKenna or his grantees, since the 6th day of December, 1866, were made parties defendant. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. At special term the demurrer was sustained, the learned court holding that the plaintiff, whose rights were not affected at the time of the granting of naturalization, cannot impeach, even for fraud, the judgment to which she was a stranger, and which was rendered by the court having jurisdiction of the parties and of the subject-matter. With that view we are in agreement. If a contrary holding were possible, a fertile field for litigation would be opened up, which would result in vexation and loss to many holders of titles otherwise unassailable. As the demurrer necessarily admits all of the allegations of the complaint to be true, it must be assumed that Patrick McKenna, in his application in writing to the court of common pleas, falsely stated that he had resided in the United States 3 years next preceding his arrival at the age of 21 years, and that at the time of said application he had resided 5 years in the United States, including his minority. Because of this fraud the court had the power to set aside the decree of naturalization, which stands upon the same footing as judgments and decrees rendered in other judicial proceedings. U. S. v. Norsch, 42 Fed. 417. And a suit timely brought by a party having a standing in court for that purpose, as had the plaintiff in the case cited, could be successfully prosecuted. The wrong, which we must assume was done by Patrick McKenna, was a wrong to the state, not to the individual. At the moment when the fraud was perpetrated on the court, and the decree obtained, this plaintiff had no other or greater grievance than any other citizen of the state; the attempt of any one of whom to right the wrong, through an action personally brought, would have been treated as the act of an intermeddler. Instances are not wanting where individuals, from both worthy and unworthy motives, have attempted to exercise some of the functions of government through suits personally brought; but with the exception of those instances where the stat-

ute gives the right, such as the act of 1872, "for the protection of taxpayers," their efforts have been fruitful only in failures. The national banking law in effect prohibits a national bank from taking a mortgage on real estate to secure future advances, but it is held that the objection can only be urged by the government. Bank v. Whitney, 103 U. S. 99. In a suit brought to set aside a patent the extension of which had been secured for a period of seven years by false swearing and fraud, it was held that the party claiming to be aggrieved could not maintain the suit, the court saying: "The fraud, if one exists, has been practiced on the government, and as the party injured, it is the appropriate party to assert the remedy, or seek relief." Mowry v. Whitney, 14 Wall. 434. These cases will suffice to point out the rule which has long obtained. We have only been able to find two instances in which individuals have attempted to move the court to set aside decrees of naturalization. The first case is Com. v. Paper, 1 Brewst. 269, in which the court said: "One citizen cannot impugn the action of a court in naturalization cases, so far as to require the cancellation of naturalization papers. Some public authority must do this." And in the second case—In re Shaw, 2 Pa. Dist. R. 250—Shaw, a naturalized citizen, applied for a license as a marine engineer; a license which only citizens of the United States can obtain. One Robert D. Dick, a member, and at the instigation, of the Marine Engineers' Beneficial Association, No. 13, filed a petition asking to have Shaw's naturalization papers vacated and set aside on the ground that they were obtained by fraud and perjury. The court said in part:

"The course taken in the present case, though entirely straightforward, is both unauthorized and impertinent, for neither the petitioner nor the body of which he is a member has the slightest grievance to complain of. The wrong, if wrong there be, is to the nation and to the state. The attorney general of the United States, by himself or his subordinates, the attorney general of Pennsylvania, or the district attorney of this county, is thereof the proper vindicator. See Com. v. Paper, 1 Brewst. 269. To these officers the petitioner, not as a marine engineer, either by himself or his associates, but as an American citizen, could at any time apply. A hearing to the representatives of the person injured by its error will never be denied by any court faithful to its duty; but the attempt to remedy a public wrong at the instance of a private person, where no reason is shown for the absence of the officers of the law, duly authorized in this connection, can only lead to confusion, as well-tried experience has shown."

The judgment should be affirmed, with costs.  All concur.