TRAVELERS' PROTECTIVE ASS'N v. GILBERT.

(Circuit Court of Appeals, Eighth Circuit. April 2, 1900.)

No. 1,284.

1. APPEAL—RECORD—NECESSITY OF BILL OF EXCEPTIONS.
　　Evidence introduced on a trial or affidavits used on the hearing of a motion to vacate a judgment form no part of the record, and cannot be considered by an appellate court unless brought into the record by a bill of exceptions.

2. JUDGMENTS—PRESUMPTIONS OF VALIDITY—JURISDICTION OF PARTIES.
　　To overcome the presumption of jurisdiction over the parties arising in favor of the judgment of a court of superior jurisdiction, when re-enforced by an express finding that service was duly made on the defendant, it is not enough that the record is silent as to facts material to the validity of such service, but it must be shown affirmatively that the service was invalid.

3. LIFE INSURANCE—ACTION ON POLICY—SERVICE UNDER ARKANSAS STATUTE.
　　An action to recover the full amount of indemnity contracted to be paid by an accident policy on the death of the insured by accidental means is one founded on a contract of life insurance, within the meaning of the statute of Arkansas (Acts 1895, p. 188) providing that in any action on a policy or certificate on the life of a person against any fraternal society service of process may be made on the chief officer, or, in his absence, on the secretary, of any subordinate lodge or society of such fraternal society in the state; and a subsequent statute (Acts 1897, p. 31), authorizing a different mode of service in actions on insurance policies generally, did not operate to repeal the former act, or to render service thereunder invalid in case of a policy issued by a society having local subordinate lodges or societies in the state.

4. APPEAL—REVIEW—RECORD.
　　In determining the sufficiency of a complaint on an insurance policy to sustain a judgment rendered thereon, the policy itself cannot be considered as a part of the complaint, where it was not filed therewith, but was only used as evidence on the trial, and such evidence was not brought into the record by bill of exceptions.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

The writ of error in this case is brought to review a judgment by default, which Mary J. Gilbert, the plaintiff below, the defendant in error here, recovered against the Travelers' Protective Association, the plaintiff in error. At the term succeeding that at which the judgment by default was rendered the Travelers' Protective Association filed a motion to vacate the judgment on the ground that it had been obtained against it without proper service, and also upon the ground that it had been procured by fraud. This motion was heard and overruled by the trial court, but no bill of exceptions was filed for the purpose of making the motion and the affidavits that were read on the hearing of the same a part of the record. The plaintiff below sued on a membership certificate issued by the defendant company to her deceased husband, claiming that under its provisions she, as the beneficiary therein, was entitled to $5,000 by reason of her husband's death having been occasioned by accidentally taking an overdose of chloral hydrate. Upon the summons that was issued in said action a return was indorsed by the United States marshal, which return was subsequently amended before the judgment by default was rendered so as to read as follows:

"In obedience to the within writ, I have served the within summons on the defendant by delivering to W. H. Bass, the secretary of the local subordinate lodge of said defendant at the city of Little Rock, in the state of Arkansas, the chief officer of said subordinate lodge being absent, and his whereabouts unknown to the plaintiff or the marshal, a true copy of said summons, at Little Rock, Arkansas. on the 3d day of November, A. D. 1898.

"Henry M. Cooper, U. S. Marshal.

"By J. G. Botsford, Deputy Marshal.

"Returned and filed November 3, 1898. W. P. Feild, Clerk."

When the action was instituted a statute of the state of Arkansas (Acts Ark. 1895, p. 188) was in force, which is as follows: "Whenever any action, either at law or in equity, is instituted on a policy or certificate of insurance on the life of a person against any fraternal society, such as the Knights of Honor, Knights of Pythias, or like societies, in the courts of this state, service of process on the chief officer, or in case of his absence, the secretary of the subordinate lodge or society through which the policy was issued or obtained, or on the chief officer, or in case of his absence on the secretary of any subordinate lodge in this state of such fraternal society, shall be a good and valid service on such lodge, society or institution issuing the policy, the same as if service had been on the supreme officer of said lodge, society or institution." Another statute of the state (Acts Ark. 1897, p. 31) was in force at the same time, which reads as follows: "When any loss shall occur by fire, lightning or tornado, in the burning, damage or destruction of property upon which there is a policy of insurance, or when any death has occurred of a person whose life shall have been insured, or in case of death or injury of any one having a policy of accident insurance, the assured or his assigns in case of fire insurance, may maintain an action against the insurance company taking the risk, in the county where the loss occurs. And the beneficiary, or his assigns, in case of life insurance, may maintain an action against the insurance company that has taken the risk, in the county of the residence of the party whose life was insured, or in the county where the death of such party occurred. And the beneficiary in the case of a policy of accident insurance, may maintain an action against such accident insurance company that has taken the risk, in the county of the residence of the party insured, or in the county where the accident occurred, and service on an agent of any such company or companies, in any county in this state, or service upon the auditor of state, as now prescribed by law, returnable to the court having jurisdiction under this section shall be good service."

The judgment by default which was rendered by the trial court is as follows: "Comes the plaintiff, by P. C. Dooley, Esq., her attorney, and the defendant, having been duly served with process herein, and being now three times solemnly called, comes not, but makes default, whereby said plaintiff's claim against it remains wholly undefended; and the plaintiff having introduced proof as to the death of David B. Gilbert, and exhibited to the court his certificate of membership in said Travelers' Protective Association of America, upon which this action is founded; and the court having heard said

proof, and having examined said certificate of membership, and being now well and sufficiently advised in the premises: It is therefore considered, ordered, and adjudged that said Mary J. Gilbert, wife of David B. Gilbert, deceased, do have and recover of and from said defendant, Travelers' Protective Association of America, the sum of five thousand and seventy-five dollars ($5,075.00) for her damages, together with all her costs herein expended, and have execution herefor."

W. E. Hemingway (Henry T. Kent, U. M. Rose, and George B. Rose, on the brief), for plaintiff in error.

P. C. Dooley, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Since no bill of exceptions was filed in the trial court embracing either the testimony that was introduced when the judgment was rendered or the affidavits that were read on the hearing of the motion to vacate the judgment, such testimony and affidavits form no part of the record, and cannot, as a matter of course, be noticed by this court. Hildreth v. Grandin, 38 C. C. A. 516, 97 Fed. 870, 872. The only questions that are open for consideration in this court are: First, whether the judgment was rendered upon defective service; and, second, whether the complaint is sufficient to support the judgment. With respect to the first of these questions two facts are to be noted, the first being that the judgment below was rendered by a court of superior jurisdiction, from which a presumption arises that jurisdiction over the defendant company was lawfully acquired; and the second being that the trial court expressly found and recited in its judgment that the defendant had been "duly served with process herein," which finding must also be presumed to be correct unless other parts of the record show it to be incorrect. Black, Judgm. §§ 270, 271, 273. To overcome the force and effect of these presumptions, it is urged by the defendant company that the law under which the service was obtained, of which this court will take judicial notice, only applies to actions founded on policies or certificates of insurance on the lives of persons which are issued by fraternal societies, such as the Knights of Honor, or other like societies, and that the record in the present instance shows that the suit was brought on a policy of accident insurance; also that the record fails to show that the defendant company is a fraternal society like the Knights of Honor. For both of these reasons the judgment below is said to be erroneous.

Concerning the last of these suggestions it is only necessary to observe that, in so far as the record is silent as to material facts affecting the service, the judgment below derives adequate support from the presumptions heretofore mentioned. If it should be conceded that the record does not clearly show that the defendant is a fraternal society like the Knights of Honor, yet, as it does not appear in any part of the record that it does not belong to that class of societies, it would be necessary to presume in aid of the judgment that the trial court rightly decided that it is a fraternal organization, and subject to be sued as such. It would be inaccurate, however, to say that the record is silent as respects the question whether the defendant com-

pany is a fraternal society, since the complaint alleges that "one of the objects of said association is to create and provide a fund to aid and assist any of its members who may be disabled by accident, or, in case of death, to provide for the family of such deceased member, and to that end, and in consideration of dues paid and to be paid, has caused its beneficial certificates to be issued to its members," while the return of service shows that it transacts its business, like other fraternal societies, through the agency of local or subordinate lodges.

The other suggestion mentioned above, namely, that the suit is not founded on a certificate of insurance on a human life, and on the strength of which it is claimed that the judgment was rendered without proper service, seems to be equally untenable. According to the averments of the complaint, the certificate on which the suit is founded did promise indemnity to the wife of the deceased member in the sum of $5,000 in the event that his death was occasioned by accident. The life of the deceased member was, therefore, insured, and the contract, in a strict sense, was one of "insurance on the life of a person." The fact that indemnity was promised by the certificate for certain injuries which might be sustained by the member that did not result fatally, should not prevent it from being classified as a policy of insurance on a human life, when it appears that indemnity in the event of death was promised, as well as indemnity for other injuries that were less serious. Moreover, the act of the legislature of the state of Arkansas under which the process was served was passed for the obvious purpose of providing a special and convenient method of obtaining service on numerous fraternal societies, so termed, which in these days are engaged in business, and differ from ordinary insurance companies in that they act in many different localities by means of subordinate lodges, and do not employ regularly constituted agents or solicitors. The aim was, doubtless, to authorize all such societies to be sued in the mode prescribed by the act in all suits which might be brought to compel the payment of such indemnities as they ordinarily engage to pay. The words, "a policy or certificate of insurance on the life of a person," which are found in the act, were intended, as we think, to comprehend all agreements for indemnity which such societies are in the habit of making; and, in view of the manifest purpose of the law, they should not be construed narrowly so as to embrace only a particular kind of insurance contract. But, be this as it may, the suit at bar was brought to enforce a contract of insurance upon the life of a person, and, being a suit of that character, it is fully within the language of the statute. We conclude, therefore, that the presumption of validity which attends the judgment of the trial court, it being a court of superior jurisdiction, is neither overcome nor affected by any facts disclosed by the record of which this court can take notice. For aught that appears, the defendant company was a fraternal society of the same character as the Knights of Honor, which transacts its business through the agency of subordinate lodges, while the instrument sued upon is clearly a contract which insured the life of the plaintiff's husband. Counsel for the defendant company suggest that under an act that was passed in the state of Arkansas in the year 1897, which is quoted

101 F.—4

above in the statement, the defendant company might have been served in a different manner than that which was actually adopted. It is possibly true that a valid service might have been obtained in pursuance of the provisions of the last-mentioned statute upon the theory that the policy in suit was one of accident insurance. But it seems wholly unnecessary to discuss that question, since it is clear, we think, that the later act did not operate to repeal the act under which the service was obtained, and was not intended to have that effect. If the service actually made was valid,—and we find no reason to doubt that it was,—it matters not that service might possibly have been made under the provisions of some other act.

The next point to be considered is whether the complaint is so fatally defective that it will not support the judgment. It will be observed that the judgment recites that it was rendered after the production of proof. Hence it affirmatively appears that, even if there was any shortage of averment, the omitted facts may, nevertheless, have been proven to the entire satisfaction of the trial court. With respect to this question it may be said, however, that the complaint, considered by itself, is clearly sufficient to sustain the judgment. No allegations of any sort are wanting in the complaint, which, according to the strictest rules of pleading, can be regarded as essential to make it a good complaint. Counsel for the defendant company insist, however, that this court shall look beyond the complaint, and consider the certificate of membership on which the suit was founded, basing their contention upon the ground that the certificate formed a part of the complaint, and may be read in connection therewith for the purpose of ascertaining whether, in view of some of its provisions, the defendant company did not have a valid defense to the action. This we must decline to do, for the reason that the present record shows that the certificate of membership was not filed with the complaint as a part thereof. It appears to have been produced for the first time on the day of the trial; and to have been read in evidence upon the trial; but, as no bill of exceptions was signed or allowed, the certificate of membership is not a part of the record, and cannot be considered as a part thereof. If a mere exhibit is treated as a constituent part of the declaration for the purpose of raising the question, after a verdict or judgment has been rendered, whether the declaration stated a cause of action, it should, at least, appear that the exhibit was filed with the declaration, and formed an integral part thereof, and that it was not produced merely as an instrument of evidence. The certificate of membership was not so filed in the present instance, but was used, if at all, merely as an instrument of evidence; and, after being so used, it was not brought upon the record by a bill of exceptions. We are constrained to hold that the record fails to disclose any fact which would warrant this court in vacating the judgment by default, which was not assailed in any form until after the lapse of the term at which it had been rendered. The judgment is therefore affirmed.