### TRAVELERS' PROTECTIVE ASS'N OF AMERICA v. GILBERT.

(Circuit Court of Appeals, Eighth Circuit. October 21, 1901.)

#### No. 1,517.

1. **JUDGMENTS—SUIT IN EQUITY TO SET ASIDE FOR FRAUD—REQUISITES OF BILL.**
   In a bill to set aside a judgment for fraud it is not sufficient to charge generally that the judgment was procured fraudulently, or that the court was imposed upon, but a state of facts must be disclosed from which the court can see that the conclusions stated by the pleader are properly and fairly drawn. Where the judgment sought to be set aside was rendered on an insurance policy, and the fraud charged is the omission of the plaintiff to attach a copy of the policy to the complaint, it must be shown that, if so attached, its provisions would have negatived some allegation of the complaint, and rendered it insufficient. or that the purpose was to withhold from the court facts disclosed by the policy; and such purpose is negatived where it appears from the record in the action that the policy was introduced in evidence by the plaintiff.

2. **SAME—FRAUD IN PROCUREMENT—ALLEGATIONS IN PLEADINGS.**
   In an action by the beneficiary in an accident insurance policy, which contains a provision exempting the insurer from liability in case the insured shall come to his death by reason of poison, whether taken accidentally or designedly, the plaintiff is not guilty of fraud which will vitiate the judgment because she does not allege in her complaint that the insured committed suicide by poison, and thus plead herself out of court, although she may believe such to be the fact.

3. **SAME—RELIEF AGAINST IN EQUITY—ACCIDENT OR MISTAKE.**
   To entitle a defendant to avail himself of the equity jurisdiction to be relieved from a judgment on the ground of fraud, accident, or mistake, he must show that the fraud. accident, or mistake on which he relies is unmixed with negligence of himself or his agents; and where legal service was made upon the defendant, a corporation, in the action in which the judgment was rendered, by serving summons on an agent upon whom such service was authorized by statute, the failure of such agent to transmit the summons to defendant, whether through misapprehension or because of his belief that the service was not legal, was negligence for which defendant is responsible, and which precludes it from relief in equity against the judgment because of such facts.

4. **SAME—JURISDICTION OF EQUITY TO SET ASIDE—ADEQUATE REMEDY AT LAW.**
   Where the statutes of a state provide for proceedings in a court of law to set aside a judgment rendered by such court on the ground of fraud

or unavoidable casualty or misfortune preventing the party from appearing or defending, such provisions, by force of the conformity act, are applicable to and govern procedure in the federal courts in the state in cases coming within their purview, and afford a plain and adequate remedy at law, which excludes the jurisdiction of equity.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

On November 3, 1898, Mary J. Gilbert, the appellee, commenced an action at law in the circuit court for the Eastern district of Arkansas to recover from the Travelers' Protective Association, the appellant, the sum of $5,000, alleged to be due her as beneficiary in a membership certificate issued by the association to her husband in his lifetime. The summons was duly served by delivering a true copy thereof to one Bass, stated in the return of the marshal to be the secretary of the local subordinate lodge of the defendant association located in the city of Little Rock, the chief officer thereof being, as stated, absent, and his whereabouts unknown to the plaintiff or the marshal. At the return term the defendant failed to appear or plead to the action, and judgment was, on December 27, 1898, rendered in favor of the plaintiff for $5,075 and costs of suit. At the next succeeding term of the court a motion was made by the defendant association to vacate the judgment on the ground that it had been obtained without proper service, and because procured by fraud. This motion was heard and denied by the court, and a writ of error prosecuted to this court by defendant. At the hearing in this court it was contended, among other things, that the service was defective, and that the complaint failed to state a cause of action. In an opinion handed down April 2, 1900, both these propositions were adjudged against the defendant, and the judgment of the circuit court was affirmed. See Association v. Gilbert, 41 C. C. A. 180, 101 Fed. 46. The present suit is a bill in equity, instituted by the appellant against the appellee to vacate the judgment so rendered on December 27, 1898, on the alleged ground that the secretary of the subordinate lodge (upon whom due service was made in the action at law as determined on the writ of error, supra) failed through want of appreciation of the fact of such service to apprise the defendant thereof, and that thereby it was deprived of an opportunity to defend the suit, or to present to the consideration of the court the true facts with regard to the claim sued on; and on the further ground, as alleged, that the plaintiff fraudulently misstated and suppressed the real facts of the case in her complaint in the action at law, in this: that, notwithstanding she was well aware of the fact that her husband's death was occasioned by a narcotic poison taken by him with suicidal intent, such as would, under the terms of the certificate of membership, have avoided the certificate, and precluded recovery by her in a suit thereon, she stated in her complaint that the death of her husband was occasioned by his accidentally taking an overdose of chloral hydrate with no intent to end his life thereby. It is further alleged that the plaintiff in the action at law failed to attach to her complaint or file therewith the certificate of membership sued on, or a copy thereof, and that this omission on her part was for the purpose of withholding from the attention of the court the conditions and limitations of the certificate of membership, which, if brought to the attention of the court, would have shown that she could not recover thereon. It is further alleged in the supplemental bill that it necessarily resulted from the fact that the certificate of membership was not attached to or filed with the original complaint in the action at law that the same was not brought to the attention of this court on the writ of error, because the defendant was compelled, by reason of the fact that it was not informed of the institution of the suit at law until it was too late to file a bill of exceptions, and thus make the certificate of membership a part of the record, to rely solely for the reversal upon the record of the case proper. A demurrer to the bill, supplemental bill, and amended bill, setting forth the foregoing facts and others, which, if necessary, will be referred to in the opinion, was filed by defendant, and sustained by the court. Thereupon the bill was dismissed. To review the action of the trial court in so dismissing the bill, the appellant prosecuted its appeal to this court.

W. E. Hemingway, U. M. Rose, and G. B. Rose, for appellant.

P. C. Dooley, for appellee.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge, after stating the case as above, delivered the opinion of the court.

Two propositions were settled by the judgment of this court in the former case (41 C. C. A. 180, 101 Fed. 46), namely, that the service of process as made upon the defendant in the legal action was sufficient to subject it to the jurisdiction of the court in that case, and that the complaint in the legal action stated a good and meritorious cause of action, notwithstanding the fact that the certificate of membership sued on was not filed with it. This leaves but three important facts alleged in the present bill as grounds for equitable interference, namely, First. That the plaintiff in the legal action intentionally omitted to file the certificate of membership with her complaint for the purpose of keeping facts therein disclosed from the court's attention. Second. That appellee made a false allegation that her husband's death was caused by accidentally taking an overdose of chloral hydrate, when she knew that he came to his death by a narcotic poison taken with suicidal intent. Third. That Bass, who was the president, as well as secretary, of the subordinate lodge at Little Rock, upon whom the service of process was made in the legal action, by misapprehension as to the intention of the marshal in making service failed to inform the executive officers of the association of the fact of the service, and that it was thereby prevented from making a defense to the action at law.

It may be here appropriately said that the bill does not charge any collusion between the appellee and the marshal to procure a doubtful service, or to cause any misapprehension on the part of Bass with respect to the officer's purpose.

We have not overlooked the fact that the bill, taken as a whole, charges a fraudulent purpose on the part of plaintiff in the action at law to deceive the court by withholding the certificate of membership from the files, nor that it charges that she misstated the facts in her complaint, already adverted to, for the purpose of defrauding the association. These general averments do not aid the bill in any material respect, provided the acts alleged to have been done by the appellee were not in and of themselves calculated to impose upon or deceive the court before whom the action was pending. It is not sufficient to charge generally that the judgment was procured fraudulently, or that the court was imposed upon. "A state of facts must be disclosed by the bill from which the court can see that the conclusions stated by the pleader to the effect that the judgment was fraudulently procured are properly and fairly drawn." U. S. v. Norsch (C. C.) 42 Fed. 417; Passaic Print Works v. Ely & Walker Dry-Goods Co., 44 C. C. A. 426, 105 Fed. 163. We must therefore take up and consider the three important facts which are said to constitute the wrongful conduct in connection with the action at law. We are unable to discern how the failure to file the certificate of mem-

bership with the complaint could have deceived or misled the court. A complete cause of action, as already seen, was stated without it. If it had been filed, it manifestly would have disclosed, so far as it is now pertinent to consider it, only the fact that the association did not thereby insure against death resulting from taking poison with suicidal intent. But what of that? It was not alleged in the complaint that the appellee's husband died as a result of any such voluntary action on his part, and therefore that the association was not bound by the obligations of its contract. On the contrary, it was alleged that he died as a result of accidentally taking an overdose of chloral hydrate, which, if true, brought the association within the obligation of its contract. The certificate might have informed the court of the association's obligations under divers state of facts, but it could not, in the nature of the case, have disclosed what the extraneous facts might be. It is, moreover, apparent from the opinion in the former case that this certificate of membership was produced and read in evidence at the trial. This clearly negatives any intention on the part of the appellee to withhold from the trial court any of the facts disclosed by the certificate, whatever the same might be. In ordinary practice the court never sees the exhibits filed with the complaint until they are called to its attention at the trial. It seems to us, as a result of the foregoing observations, that the failure to file the certificate with the complaint could not, in the nature of things, have deceived or, misled the court with relation to any pertinent facts of the case; and if, by any possibility, it might have so done, its production in evidence at the trial, while judgment was under consideration, served every fair and reasonable purpose.

We are next brought to consider the effect of the alleged false statement in the complaint. The contention is that the appellee should have pleaded herself out of court by alleging facts which disclosed no cause of action; in other words, that she should never have instituted her suit at all. This is high ground to occupy, and enters into the domain of morals and conscience; and into this, which in a large sense is the proper domain of equity, we will follow it. Even if appellee knew (and for the purposes of this case, under the pleadings, we must assume she did know) that her husband intentionally committed suicide, had she not the right, under the highest dictates of equity as well as law, to submit her claim in the due and orderly course of legal procedure, first, to the consideration and deliberate judgment of the association, and then, if necessary, to that of the court? The association might, as a matter of policy, voluntarily have waived the defense of intentional suicide, or it might, by reason of its conduct before or after the death of the insured, have estopped itself from asserting any such defense. Waivers and estoppels of all kinds are frequently found in the pathway of insurance litigation. Not having the certificate of membership before us, we are unable to state the exact language creating the condition under which the association seeks to escape liability. But it sufficiently appears from the averments of the bill that the language employed created a condition subsequent. The bill charges that: "It was expressly provided in said certificate that, if said David Baxter

Gilbert came to his death in consequence of any narcotic, or by reason of any poison, whether taken accidentally or designedly, there should be no recovery." Language of this kind created a condition subsequent (Western Assur. Co. v. J. H. Mohlman Co., 28 C. C. A. 157, 83 Fed. 811, 40 L. R. A. 561; Anthony v. Association, 162 Mass. 354, 38 N. E. 973, 26 L. R. A. 406, 44 Am. St. Rep. 367; Coburn v. Insurance Co., 145 Mass. 226, 13 N. E. 604; Van Valkenburgh v. Insurance Co., 70 N. Y. 605; Murray v. Insurance Co., 85 N. Y. 236), and as such imposed the burden on the association of bringing the case within it (Association v. Sargent, 142 U. S. 691, 12 Sup. Ct. 332, 35 L. Ed. 1160, and cases cited, supra). Such conditions may be waived by the insurer either before or after they are broken (Insurance Co. v. Wolff, 95 U. S. 326, 24 L. Ed. 387), or the insurer may be estopped from asserting any rights under such conditions by exacting from the assured, with full knowledge of the facts constituting the defense, technical compliance with the provisions of the policy relating to proofs of death, or by other facts imposing burdens or expense upon the assured (Insurance Co. v. Baker, 27 C. C. A. 658, 83 Fed. 647; Titus v. Insurance Co., 81 N. Y. 410, and cases cited). In the last-mentioned cases a large number of applicatory authorities are referred to, which fully support the proposition announced. It may be that in the case now under consideration there were facts known to appellee which would have entitled her to resist the forfeiture, provided the association saw fit to urge it in defense. If so, the allegations of her complaint in the action at law were not only true to an equitable, but to a strictly legal, intent, and the association was required to affirmatively plead the condition relied upon by it, and the breach of it. Appellee afterwards, and not till then, could appropriately, by her replication, allege waiver or estoppel, and thereby create an issue with reference to them. We may perhaps be, and probably are, justified in believing that facts entitling plaintiff to urge waiver or estoppel did exist, as defendant's counsel, learned in all the law governing waiver and estoppel, and its particular application to insurance contracts, and tenacious of the right of their client, have failed to negative them in their bill. From the foregoing, it appears that, even though the appellee did in point of fact know that her husband died as a result of taking poison with suicidal intent, she might nevertheless have had a meritorious cause of action against the association, and would have been fully warranted, both in law and morals, to institute her suit, and allege a cause of action under the general obligation of the certificate of membership, without alleging a defense which the appellant might either waive, or from the assertion of which it might well have been estopped.

We have so far treated the case from the standpoint of appellant's counsel, and have endeavored to subject it to the highest moral and equitable tests; but, in our opinion, we are not required to go to that length. Judge Thayer said in the case of U. S. v. Norsch, supra, as follows:

"Whatever a person's own opinion may be touching his right to relief in a given case, he is entitled to take the judgment of a court having jurisdiction

to hear and determine the cause, and in so doing he commits no fraud. A litigant in such case only crosses the line dividing legal frauds from conduct that is merely reprehensible from a moral standpoint when he resorts to false testimony, or to some trick or artifice, with a view of deceiving the court, and thereby obtaining a judgment to which he is not entitled."

To this proposition we fully agree. The courts of the land are open to all suitors to present their controversies and claims to the arbitrament of a constituted magistracy. A litigant has the undoubted right to present his own theory of a case, and, even though he may know facts which, in his opinion, would constitute a defense, he may confidently rely upon the defendant in the case—certainly when his interest dictates it—to perform his full duty, and is not required, under any recognized principle of law or equity, to anticipate him in so doing. He has a right to assume that the defendant will make all defenses available to him which he, in the exercise of his own judgment and discretion, deems wise and politic to make. We conclude from the foregoing that the fact that the plaintiff in the action at law failed to set forth facts which would have defeated her recovery, as hereinbefore detailed, affords no ground for a court of equity to vacate the judgment obtained by her in the action.

The last fact relied upon by the association to vacate the judgment in question is that Bass, the president and secretary of the subordinate lodge at Little Rock, by reason of failure on his part to appreciate the fact that he was served with process in the action, failed to communicate the same to the association, and as a result it was deprived of an opportunity of making a defense. The service, as made upon him, was good. He was the constituted agent of the association for receiving service of process. Association v. Gilbert, supra. The only question for consideration is whether it can complain of the accident, misapprehension, or negligence of its agent.

In Knox Co. v. Harshman, 133 U. S. 154, 10 Sup. Ct. 258, 33 L. Ed. 588, it is said:

"A court of equity does not interfere with the judgments at law unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents."

In Brown v. Buena Vista Co., 95 U. S. 159, 24 L. Ed. 423, which was a bill to enjoin the enforcement of a judgment because procured by fraud and conspiracy, the court, commenting on the relief offered in courts of equity against judgments procured by accident or mistake, says:

"But such relief is never given upon any ground of which complainant, with proper care and diligence, could have availed himself in the proceeding at law. In all cases he must be without fault or negligence. If he be not within this category, the power invoked will refuse to interfere, and will leave the parties where it finds them. * * * Nothing can call forth a court of equity into activity but conscience, good faith, and reasonable diligence. Where these are wanting, the court is passive, and does nothing."

In Creath's Adm'r v. Sims, 5 How. 192, 12 L. Ed. 111, the supreme court says:

A court of equity "will never be called into activity to remedy the consequences of laches or neglect, or the want of reasonable diligence. When-

ever, therefore, a competent remedy or defense shall have existed at law, the party who may have neglected to use it will never be permitted here to supply the omission, to the encouragement of useless and expensive litigation, and perhaps to the subversion of justice."

See Sample v. Barnes, 14 How. 70, 14 L. Ed. 330.

In Skirving v. Insurance Co., 8 C. C. A. 241, 59 Fed. 742, Judge Caldwell, speaking for this court on the subject of jurisdiction of courts of equity to enjoin judgments, says:

"The jurisdiction is not favored, and the grounds upon which it will be exercised are narrow and restricted. It will not suffice to say that injustice is done by the judgment against which relief is sought, and that it would be a hardship to enforce it, or that the defendant had a good legal defense to the cause of action upon which the judgment was rendered, but it must also appear that the defendant was prevented from interposing his defense at law by the fraud or misconduct of the plaintiff, or by some accident or mistake occurring without any fault of the defendant or his agents, and that it would be contrary to equity and good conscience to enforce the judgment."

The standard fixed by the foregoing and many other authorities to which we might refer is perfectly clear. A defendant, to avail himself of the equity jurisdiction to be relieved of a judgment on the ground of fraud, accident, or mistake, must show that the fraud, accident, or mistake upon which he relies is "unmixed with negligence of himself or his agents." How do the facts of the case now under consideration square with this rule? Appellant's agent, constituted as such by the laws of the state of Arkansas, was duly served with process calling his principal into court to defend the action. This is equivalent in law to service upon the principal himself. This cannot be questioned. The only accident, mistake, or misapprehension stated in the bill to have been the occasion of failure to defend is as follows:

"The marshal [quoting now from the bill of complaint] of this district went to the secretary of the lodge [referring to the subordinate lodge in Little Rock] for the purpose of serving said summons [referring to the summons in the legal action], but the said secretary advised him that he was not the proper person to be served, and the said marshal then departed, as said secretary supposed, for the purpose of making a proper service."

It appears from the record of this case and the opinion in the former case that at the same time the transaction just quoted from the bill of complaint occurred the marshal did in fact deliver a true copy of the summons to the secretary. The facts of the case convince us that the appellant's agent voluntarily assumed to act upon his own judgment, and in so doing not to recognize the service of lawful process upon him. Inasmuch as legal service was made upon the association by leaving process with its agent, Bass, it imposed the legal duty upon it to appear and defend the action, if it had any defense to make, and the failure to do so, in view of all the facts disclosed by the record, in our opinion, amounts to culpable negligence. We are also of opinion that the misapprehension claimed to exist on the part of Secretary Bass was not such as justified him in not informing the proper executive officers of the pendency of the suit. Even if he did think the marshal would take his advice, and serve some other person, he, with the copy of the

summons in his possession, was not justified in the misapprehension claimed for him. He was clearly negligent in not apprising his superior officers of the service as made, and the association, being responsible for his negligence, cannot resort to a court of equity for relief.

This is not all. Section 4197 of Sandels & Hill's Digest of the Statutes of Arkansas makes the following provision:

"The court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order for the following reasons: * * *
"Subd. 4: For fraud practiced by the successful party in obtaining the judgment or order. * * *
"Subd. 7: For unavoidable casualty or misfortune preventing the party from appearing or defending."

Section 4199, same digest, provides as follows:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in the fourth * * * and seventh * * * subdivisions of section 4197, shall be by complaint, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On the complaint a summons shall issue and be served, and other proceedings had as in an action by proceedings at law."

Section 5843 provides that, when the grounds for a new trial are discovered after the term at which the verdict or decision was rendered, an application for a new trial may be filed with the clerk not later than the second term after the discovery. The last-mentioned section provides for the method of taking the evidence on such application, and provides that no such application shall be made more than three years after the final judgment was rendered. These provisions of the statutes of Arkansas, by force of the conformity act of June 1, 1872 (Rev. St. 1878, § 914), are applicable to and govern procedure in the federal courts in cases coming within their purview. In fact, it appears from the record that a proceeding under the statutes was resorted to by the appellant and denied. But, irrespective of that particular feature of the case, it is manifest that an ample remedy existed in favor of the appellant under the Arkansas statutes above alluded to. They not only gave the court jurisdiction to vacate or modify a judgment after the term at which it was rendered, but provided a full scheme for the trial of a proceeding for that purpose. We are unanimously of opinion that those statutes afforded the appellant a plain and adequate remedy at law for the wrong for the redress of which it now resorts to a court of equity, and effectually forecloses the relief now sought. This cannot be done. Rev. St. § 723; Deweese v. Reinhard, 165 U. S. 386, 17 Sup. Ct. 340, 41 L. Ed. 757, and cases there cited. Such is the conclusion reached by this court in the case of Folsom v. Ballard, 16 C. C. A. 593, 70 Fed. 12, to which we adhere.

We are also of opinion that on the facts and circumstances disclosed by the bill, in view of the conclusions reached and principles announced in the foregoing opinion, the appellant had a full opportunity to present all the facts now claimed to invalidate the certificate of membership in the defense to the action at law, provided

it exercised reasonable care and diligence in preparing for and making such defense. In that opportunity, also, it had an ample remedy at law.

Other considerations which have been urged on us by counsel, not hereinbefore specifically referred to, have received our careful attention, and do not, in our opinion, militate against the conclusions reached.

The judgment of the circuit court in dismissing the bill was correct, and accordingly is affirmed.