**DOLCATER v. MANUFACTURERS &
TRADERS TRUST CO. et al.**

No. 2217.

District Court, W. D. New York.

Nov. 21, 1938.

David C. Adams, of Buffalo, N. Y., for plaintiff and for Carolyn Shultz Dolcater, applicant for intervention.

Jules C. Randal, of Buffalo, N. Y., for defendant Wyatt D. Shultz.

Babcock, Hollister, Brown & Newbury, of Buffalo, N. Y., for defendant Manufacturers & Traders Trust Co.

George Clinton, Jr., and Ralph W. Dox, both of Buffalo, N. Y., for defendant U. S. Thomas.

William R. Pooley, of Buffalo, N. Y., for defendant C. J. Deckop.

KNIGHT, District Judge.

Albert B. Shultz died June 3, 1932, leaving him surviving his widow, now Carolyn Shultz Dolcater, applicant for intervention, a son, Wyatt D. Shultz, defendant, and two infant children, Albert Byron Shultz and Donna Carol Shultz, on whose behalf and on behalf of unborn persons contingently interested, plaintiff sues. The testator left a will, admitted to probate June 21, 1932, naming his wife, his son, Wyatt D. Shultz, and the defendant, Manufacturers & Traders Trust Company (hereinafter called bank), as executors. These executors qualified and began the administration of the estate. On November 2, 1933, the executors filed a final account and petitioned for judicial settlement before the Surrogate of Erie County, New York, of which county testator died a resident. On November 22, 1933, a final settlement of the accounts of the executors was had before the said Surrogate; the account was passed, and the commissions payable to the executors and the fees of special guardian fixed, and an allowance to the attorney for the executors affirmed. In the proceeding upon the settlement defendant Deckop was appointed special guardian for Donna Carol Shultz and Albert Byron Shultz, Jr. Allowances were made to the defendant executors in the total amount of $36,759.33, to the attorney for the executors in the amount of $9,000 and to the special guardian in the sum of $500.

The account gives a detailed statement of the bonds, stocks, real estate and other holdings of the deceased, the increases over the inventory, and moneys received by the executors. The total assets of the estate, as shown by the final account, were $627,069.40, and the liabilities $464,151.72. It shows debts owing to the defendant bank in the sum of $250,617.50, to the Liberty Bank of Buffalo, New York, in the sum of $46,762.50, and to the Marine Trust Company of Buffalo, New York, in the sum of $47,667.83. These banks held notes of the deceased in above amounts, and they were secured by collateral of the deceased. This collateral was sold by the executors, and the proceeds applied on the said notes. The account shows all moneys received from securities to be "applied" on the payment of these loans.

This suit is brought to recover alleged excessive commissions paid to the defendant, Wyatt D. Shultz, and all commissions paid to defendant bank, the moneys paid to the attorney for the executors, and the moneys paid to the special guardian. The alleged basis for the action is fraud on the part of defendant bank, and its attorney, and fraud or gross negligence on the part of defendant, Deckop, in his failure to discover the amount of the legal liability for commissions. No fraud is charged as against Wyatt D. Shultz, and his liability is predicated on an excessive allowance of commissions to him.

Various motions are presented for decision. These are:

(1) A motion to permit Carolyn Shultz Dolcater to intervene as executrix as a party plaintiff;

(2) A motion by plaintiff to dismiss portions of several separate answers of the defendants and for final judgment pro confesso.

(3) A motion by all defendants to dismiss the complaint upon the ground that it does not state a cause of action either in law or in equity; that the court has no jurisdiction to entertain the suit; that the decree of the Surrogate is conclusive; and that there is a fatal misjoinder of causes of action.

Caroline Shultz Dolcater seeks to intervene as a party plaintiff in her capacity only as one of the co-executors. This case presents most unusual features. The plaintiff, as the representative of infants, brings suit charging fraud as the basis of the action as against one of the executors where all three executors signed the account which is mainly the basis of the charge of fraud. It is encumbent on this plaintiff, suing as he does, to prosecute fraud against all who may be liable, nor should one defendant be permitted to escape the charge of fraud by mere confession of civil liability. The entire matter of the accounting should be searched, and the chips should fly where they will.

■ This motion was argued and submitted before the effective date of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and it is thought it should be decided under the old Rules under the facts presented. However, it appears to me that the applicant for intervention is not a necessary party under either rule. The suit is in tort. It may be brought against one of several tort feasors. Here two executors are named as defendants. Plaintiff still has the right to proceed against this applicant for intervention, in the Florida courts on the same cause. Caroline Shultz is a proper party as executrix. She properly should be allowed to intervene as such, but such allowance should be granted on the condition that she also intervene individually. She stands in the same position as her co-executors as respects liability. Her liability in fraud, if any, requires the honest investigation by the plaintiff as representing the infants.

■ Intervention must be in subordination to and in recognition of the main litigation, and that intervention may not be allowed solely to attack jurisdiction. Mueller v. Adler, 8 Cir., 292 F. 138. This applicant is not required to intervene. In a situation such as disclosed here, in order that all the issues involved may be settled, the court may make intervention conditional, and, if the condition is not accepted, the suit may proceed as now laid.

■ If applicant elects to intervene both as an individual and as executrix, she should be aligned as a party defendant. It is not seen that she is in any different position than the defendant Wyatt D. Shultz, and she may be in no different position than both other executors. Her intervention as an individual as a defendant would oust this court of jurisdiction, but the plaintiff is not without remedy. Suit can be brought in a proper state court.

■ The requisites to make a party "indispensable" are not shown here. State of Washington v. United States, 9 Cir., 87 F.2d 421. While the court can not proceed in the absence of indispensable parties, "If the court can do justice to the parties before it without injuring absent persons, it will do so, and shape its relief in such a manner as to preserve the rights of the persons not before the court." Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 14, 54 L.Ed. 80. See, also, Payne v. Hook, 74 U.S. 425, 7 Wall. 425, 19 L.Ed. 260.

In view of the decision at which this court arrives as to the right of intervention and its views hereinafter expressed, it is necessary to decide whether the complaint states a cause of action in fraud. Attached to the amended complaint and made a part of it is a statement of the assets and debts of the deceased and a copy of the account of the executors upon which the final decree was made. This statement was rendered by the bank after the death of Albert B. Shultz and contained, among other things, an itemized statement of the indebtedness to the three banks and the particular collateral held by the banks as security for such indebtedness. It is not claimed that this statement is erroneous in any respect. An inventory of the estate of the deceased was made by appraisers appointed by the Surrogate of the County of Erie, and such inventory likewise contains a full and complete statement of bonds, stocks, and properties held by the several banks as collateral to loans. Included in the final account of the executors is an inventory of the estate following the inventory made by the appraisers, together with accretions to the estate. The account at great length contains a full and complete statement of the assets and the debts of the estate. The original complaint herein charged fraud on the part of the defendants, bank, Thomas and Deckop, in procuring the allowance of the commissions in question. The original complaint did not charge concealment. It did allege that "the most cursory examination of the aforesaid final account would have put any one on notice of the fact large amounts of the decedent's property were subject to liens to secure the decedent's obligations." The material substance of the allegations of fraud in the amended complaint are (1) that the defendant bank procured by improper influence the execution of said will and appointment as executor and the employment of defendant Thomas as attorney for the executors upon the false statement that Thomas was not indebted to the bank and was not "dominated and controlled by it"; (2) that the co-executors Shultz and Dolcater consented to the allowance of Thomas' fees upon representation that they were fixed subject to the approval of the Surrogate; (3) that the bank and defendant Thomas submitted a final account so "fraudulently contrived, by the

defendant Thomas and Trust Company, and approved by the defendant Deckop", as to conceal the true condition of the estate and the amount secured by collateral against loans of the deceased and thereby the executors obtained illegal fees and Deckop secured his allowance as special guardian; (4) that the bank, Thomas and Deckop were knowing to the law that they were not entitled to the commissions taken.

█ The original complaint did not state a cause of action in fraud, because it did not allege concealment. Travelers' Protective Ass'n of America v. Gilbert, 8 Cir., 111 F. 269, 55 L.R.A. 538; United States v. Norsch, C.C., 42 F. 417. The question here, it seems to me, is whether the amended complaint containing the aforesaid allegation as to concealment, coupled with the aforesaid allegations of fraud, states a cause of action in fraud.

So far as the items of the account are concerned, it would appear that the only basis for the charge of concealment must be found in the language in "Schedule B— (1) Moneys Disbursed—Principal." It does not appear from the account alone that the particular collateral held by the respective banks was applied to the particular debts it secured. With reference to the loan and the security, the phraseology invariably is this: "Buffalo Trust Branch, Marine Trust Co., proceeds sale 1 M General Public Service Corp. 5½% applied on loan—$707.10", "M. & T. Trust Co., proceeds sale 10 M City of Gloversville 4.40 applied on loan $9,825.00" and "Liberty Bank proceeds sale 20 M Cigar Stores Realty Holding 5½% applied on loan—$4,404.50." No other items of the account are claimed to show any improper act.

█ Matter of Mills' Estate, 263 N.Y. 574, 189 N.E. 703, definitely decided that executors are not entitled to commissions upon the proceeds from collateral securing debts of a deceased. While there is reason for saying that this decision only followed the law as laid down in Matter of Mercantile Trust Co., 210 N.Y. 83, 103 N.E. 884, decided in 1913, and Farmers' Loan & Trust Co. v. Turner, 242 N.Y. 240, 151 N. E. 439, decided in 1926, reasons may be given for distinguishing the Mills Case from the two cases last cited. The Mercantile Trust Co. Case involved collateral held by a broker. The Farmers' Loan & Trust Co. Case involved mortgaged real property. This suit involves collateral mainly consisting of stocks and bonds held to secure the payment of notes. The Surrogate's Court Act of New York (section 285) provides that executors shall be entitled to commissions for receiving and paying out all sums of money. Decisions in two different Surrogate's Courts, Matter of Bolles, 67 Misc. 40, 124 N.Y.S. 620, and Matter of Oberg's Estate, 148 Misc. 400, 266 N.Y.S. 641, are to the effect that an executor is entitled to commissions upon the gross estate. Matter of Bolles, it is true, was decided in 1910. Matter of Oberg was decided in July, 1933, but the Surrogate in the Oberg Case seeks to distinguish it from the Farmers' Loan & Trust Co. v. Turner Case and Matter of Mercantile Trust Co., supra. The account in the instant suit was filed on November 2, 1933, and decree granted on November 22, 1933, both prior to the decision in the Mills Case.

█ There is no allegation that the fee paid Thomas was unreasonable in amount nor that Deckop's allowance was excessive. The contention as to these defendants is that they fraudulently aided in procuring the allowance of excessive commissions to the executors and thereby forfeited their own right to compensation. The allegation, if true, that the defendant Thomas was indebted to the defendant bank, standing alone, is insufficient to support a charge of fraud, even though the bank represented that he was not so indebted. The allegation that the bank's co-executors were led to agree to the allowance to the defendant Thomas is not sufficient to support a charge of fraud. There must be something beyond this to support a fraud charge. It is necessary for plaintiff to show that the three defendants charged with fraud acted with knowledge of what the law definitely was.

█ The charge of concealment can not be sustained by proof of the fact alone that the law did not authorize payment of these commissions. The essence of fraud is wrong doing. Concealment means the withholding of something which one knew and which one, in duty, was bound to reveal. Mere error in construing the law will not suffice. However, it is thought that the amended complaint in its entirety sufficiently states a cause of action in fraud against defendants bank, Thomas and Deckop.

■ This brings us to the consideration of the question of the jurisdiction of the court. The cases fully sustain the jurisdiction of this court under the facts shown here. Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Central National Bank v. Fitzgerald, C.C., 94 F. 16; Watkins .v. Madison County T. & D. Co., 2 Cir., 24 F.2d 370; Hewitt v. Hewitt, 9 Cir., 17 F. 2d 716; Diamond v. Connolly, 9 Cir., 251 F. 234. This court has no jurisdiction over the administration of estates and strictly probate matters. This is not such a suit. Where moneys of the estate have through fraud come into the possession of the executor, this court has jurisdiction. Broderick's Will, 88 U.S. 503, 21 Wall. 503, 22 L.Ed. 599; Waterman v. Canal-Louisiana Bank Co., supra; Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664, and cases therein cited. Not only the authorities hereinbefore mentioned, but those cited by the defendants sustain this assertion. Smith v. Worthington, 8 Cir., 53 F. 977; Peninsular Iron Co. v. Eells, 8 Cir., 68 F. 24. The rule is well stated in Moffett v. Robbins, 10 Cir., 81 F.2d 431, in this quotation from the opinion [page 435]: "a United States court cannot vacate a judgment or a decree of a state court, nor mandate that court to do so. * * * It may, however, restrain a successful litigant from enjoying the fruits of a judgment fraudulently obtained in a state court if the requisite elements of federal and equity jurisdiction exist." In Watkins v. Madison County T. & D. Co., supra, second circuit decision, we find this language: "Nobody has ever questioned the power of a court of general jurisdiction to entertain an action of trover against an executor individually for a conversion by himself." 24 F.2d 371.

■ The issue raised by the complaint is fraud. The basis of plaintiff's right to recover in this court is fraud. Otherwise the decree of the Surrogate's Court, the court having jurisdiction (sections 40, 80 and 274 of the Surrogate's Court Act N. Y.) is conclusive, unless reversed or unless the decree be opened by virtue of provision of section 20 of the Surrogate's Court Act. Section 20 gives authority to the Surrogate "to open * * * as of a former time a decree or order of his court; * * * for fraud, newly discovered evidence, clerical error, or other sufficient cause."

■ It seems to me that under the "other sufficient cause" provision of Section 20, supra, the Surrogate has full power to determine whether the decree should be opened and the allowance re-determined. That is the only forum available to the plaintiff to apply to correct 'a mistake of law. Travellers' Protective Association v. Gilbert, supra; Kieffer v. Kinney-Coastal Oil Co., 9 Cir., 9 F.2d 260. This court "cannot vacate a judgment or decree of a state court nor mandate that court to do so." Moffett v. Robbins, supra. See, also, Magruder v. Drury, 235 U.S. 106, 35 S.Ct. 77, 59 L.Ed. 151; Peninsular Iron Co. v. Eells, supra.

It is assumed that the state courts have the right to entertain an action based on fraud, under the same circumstances that the federal court has. This assumption is not in conflict with the decision of Judge James, in the Supreme Court, New York, rendered April 18, 1938,[1] and unanimously affirmed by the Appellate Division of the Supreme Court, New York, June 28, 1938, 254 App.Div. 935, 6 N.Y.S.2d 647, In re Petition of Wyatt D. Shultz et al. to remove the Manufacturers and Traders Trust Company, as an executor, etc.; holding that the Supreme Court was without jurisdiction. That related to a strictly probate proceeding.

■ The state statutes, Sections 80 and 274, provide that the decree is conclusive and that a judicial settlement of an account is conclusive evidence against all parties of whom jurisdiction was obtained. This court is bound by the law of the State of New York as fixed by statute. Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290. This is in no wise in conflict with the holding that this court has jurisdiction where the suit is based on fraud.

In concluding on the question of the right of the plaintiff to maintain this action only on the basis of fraud, it is pertinent to recite this clause in the amended complaint in the prayer for relief: "inasmuch as complainant is remediless in the premises at and by virtue of the strict rules of the common law and is relievable

[1] No opinion for publication.

only in a court of equity and by a proceeding of this nature, * * * prays this honorable court:" and to have in mind the statement in plaintiff's reply brief at page 62 that "This is a representative suit maintainable only in a court of equity * * *."

The above holding requires that plaintiff's motion to strike paragraphs 25A, 25B, 25D, 25E, 25F, 25G, 25H, 25J, 27, 29 and 32 of defendant bank's answer be granted. Plaintiff's motion for judgment pro confesso is denied.

The above holding requires that plaintiff's motion to strike paragraphs 25A, 25B, 25D, 25E, 25G, 26, 27, and 29 of the answer of the defendant Thomas be granted. The motion for final decree pro confesso is denied.

The above holding also requires that plaintiff's motion to strike paragraphs 20A, 20B, 20D, 20E, 20G, and 21, 22, 24, 25, 26, and 29 of the answer of the defendant Deckop be granted. Defendant's motion for judgment pro confesso is denied.

Each of the defendants, bank, Thomas and Deckop, moves to dismiss the answer of the defendant Wyatt D. Shultz to the amended bill of complaint as against him or it, upon the ground that it appears upon its face that the answer does not state facts sufficient to constitute a cause of action against the above-named defendants and further that the court has no jurisdiction in the premises. This motion should be granted insofar as the second paragraph of the demand for judgment is concerned. It is not seen how these defendants can raise the question of jurisdiction over the other issues between plaintiff and defendant Shultz. It follows the motion of defendant Shultz to strike the replies of these three defendants should be granted.

 The complaint shows on its face a substantial lapse of time since the commission of the alleged wrongs. No attempt has been made in the pleadings to excuse or explain such delay. Delay alone does not constitute laches. Since there is no additional showing in the complaint of any benefit to complainant or prejudice resulting to the defendants by reason of the delay, the ground of laches as a basis for defendants' motions for dismissal of the complaint is insufficient. The merits of this defense must await the trial.

It is urged that there is a misjoinder of parties defendant in that an action in fraud is joined with an action of malpractice or negligence. This question is answered by what has hereinbefore been said and that is that the allegations of the complaint are sufficient as alleging fraud on the part of defendant Deckop.

It is urged that the bill of complaint fails to show the requisite jurisdiction, because the plaintiff, representing two infants, citizens of Florida, also represents unborn beneficiaries which are not citizens of any state and whose status as to citizenship, when they shall come into being, is unknown. It is not seen there is any point in this contention.

It seems to me that decisions are hereinbefore made on all the questions which have been raised and require decision. The conclusion on the whole matter is that this suit can be maintained only on the basis of fraud; that fraud is not shown by an honest misinterpretation or misconstruction of the law regarding the right to these commissions.