## MAGRUDER *v.* DRURY AND MADDOX, TRUSTEES.

### APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 17. Argued October 27, 1914.—Decided November 30, 1914.

On appeals from the Court of Appeals of the District of Columbia taken under the statutes in force before the adoption of the Judicial Code, this court reviews only the decree of that court, and objections in the lower courts not brought forward in the Court of Appeals cannot be considered here.

On an appeal from the Court of Appeals of the District of Columbia

alleged errors not of a fundamental or jurisdictional character which were not presented to that court for consideration or which were waived expressly or by implication cannot be regarded as before this court.

An allowance of commissions to trustees of an estate in the District of Columbia made by the auditor and affirmed by both of the courts of the District will not be disturbed by this court. *Barney* v. *Saunders*, 16 How. 535.

The decree of the court which has acquired jurisdiction of an estate and settled an account cannot be collaterally attacked; and so *held* in a case where the will was probated in Massachusetts and the executors accounted but turned over the assets to trustees appointed in the District of Columbia after a finding that testator was not a resident of Massachusetts.

Where an account has been verified by oath and duly presented to, examined by, and passed on, by the court, the decree cannot be regarded as one based only on consent and attacked collaterally in the courts of another jurisdiction–under the rule that a trustee's consent cannot work to the prejudice of the beneficiaries.

A trustee can make no profit out of his trust, and even though the estate is not a loser, and the commissions no more than the services are worth, a trustee may not participate in commissions of his own firm on transactions with the estate.

37 App. D. C. 519, affirmed in part and reversed in part.

THE facts, which involve the rights and duties of trustees of an estate, are stated in the opinion.

*Mr. Nathaniel Wilson* for appellants:

The trustees' failure to account fully in this cause, and the futility of their attempt to diminish their accountability by obtaining the Massachusetts probate decree of April 25, 1899, was not cured by acquiescence.

The trustees are accountable for diminishing the estate.

The allowance of the probate account concluded nothing except the executors' discharge in Massachusetts.

The failure to account is important; the transactions were numerous.

The trustees failed to account in this cause for the specific fund of $18,800, which they withdrew from the

trust funds, and then procured to be allowed to the execu-
tors by the Massachusetts probate decree of April 25, 1899.

The trustees are accountable for the profits realized by
Mr. Drury from sales of notes to the trust estate.

The appellees seek to separate the profits from the deal-
ings with the trust estate.

It is not clear that the trust estate lost nothing.

The performance of the trust imposed upon the trustees
by the decree of their appointment is not completed, be-
cause the "Eliza C. Magruder trust" remains unexecuted,
and the trust property remains in the possession of the
trustees.

The allowance of compensation to the trustees was er-
roneous.

The services were not of a character to merit the amount
allowed.

The proportion or percentage of compensation was arbi-
trary and not based upon any evidence.

The trustees are entitled to no compensation whatever
because of the maladministration of the trust.

In support of these contentions, see *Barney* v. *Saunders*,
16 How. 535; *Bay State Gas Co.* v. *Rogers*, 147 Fed. Rep.
557; *Blake* v. *Pegram*, 109 Massachusetts, 541; *Findly* v.
*Pertz*, 66 Fed. Rep. 427; *Dallinger* v. *Richardson*, 176 Mas-
sachusetts, 77; *Jackson* v. *Reynolds*, 39 N. J. Eq. 313;
*Jarrett* v. *Johnson*, 216 Illinois, 212; *Mallory* v. *Clark*, 9
Abb. Pr. R. (N. Y.) 358; *Mallery* v. *Quinn*, 88 Maryland,
38; *Matthews* v. *Murchison*, 17 Fed. Rep. 760; *Michoud* v.
*Girod*, 4 How. 503; *Miller* v. *Holcombe's Ex.*, 9 Grat. (Va.)
665; *Pence* v. *Langdon*, 99 U. S. 578; *Plumb* v. *Bateman*,
2 App. D. C. 156; *United States* v. *Carter*, 217 U. S. 286;
*White* v. *Sherman*, 168 Illinois, 589.

*Mr. J. J. Darlington* for appellees:

The Massachusetts order, allowing executors' accounts
and compensation, is not open to collateral attack.

The executors' compensation, as claimed and stated, was proper.

The Massachusetts decree was properly treated as conclusive here.

The auditor's refusal to reopen the executors' accounts in Massachusetts or former audits in the District of Columbia, was proper.

The allowance of five per cent on principal and ten per cent on increase was proper.

No question of alleged maladministration, as ground for denial of all compensation, is in the record or raised in the court below. The record shows that one of the trustees was more concerned for interests of a friend than for those of his *cestui que trust*. There was no combination by the trustees and the guardian to control and use the trust estate. There was no diminution of the estate by the trustees.

In support of these contentions, see *Abbott* v. *Bradstreet*, 85 Massachusetts (3 Allen), 587; *Barney* v. *Saunders*, 16 How. 535, 541, 542; *Boone* v. *Chiles*, 10 Pet. 171; *Carneal* v. *Banks*, 10 Wheat. 181; *Commonwealth* v. *Cain*, 80 Kentucky, 318; *Connor* v. *Ogle*, 4 Md. Ch. 425, 448, 449; *Courtney* v. *Pradt*, 135 Fed. Rep. 218; *S. C.*, 160 Fed. Rep. 561; *Dallinger* v. *Richardson*, 176 Massachusetts, 81; *Dexter* v. *Arnold*, 2 Sum. 108; *Dunn* v. *Railroad Co.*, 32 Fed. Rep. 185; *Foster* v. *Goddard*, 1 Black, 518; *Green* v. *Bishop*, 1 Cliff. 186, 191; *Goodrich* v. *Thompson*, 4 Day, 215; *Higgens* v. *Rider*, 77 Illinois, 363; *Iverson* v. *Loberg*, 26 Illinois, 180; *Jennison* v. *Hapgood*, 7 Pick. 1; *Jones* v. *Herbert*, 2 D. C. App. 485, 496; *Lewis* v. *Parrish*, 115 Fed. Rep. 285; *Magruder* v. *Drury*, 37 D. C. App. 519, 537; *Paine* v. *Stone*, 10 Pick. 75; *Reynolds* v. *Jackson*, 31 N. J. Eq. 515; *Richardson* v. *Van Auken*, 5 D. C. App. 209; *Railroad Co.* v. *Gordon*, 151 U. S. 285, 290; *State* v. *Cheston*, 51 Maryland, 377; *State* v. *Roland*, 23 Missouri, 95; *Seegar* v. *State*, 6 H. & J. 165, 166; *Story* v. *Livingston*, 13 Pet. 359,

366; *Thompson* v. *Maxwell*, 95 U. S. 391, 398; *U. S. Trust Co.* v. *National Savings Co.*, 37 App. D. C. 296, 299; *Vaughan* v. *Northup*, 15 Pet. 1; *Walsh* v. *Walsh*, 116 Massachusetts, 377; *Whitney* v. *Everard*, 42 N. J. Eq. 640; Abert's Compilation, p. 29, § 125.

MR. JUSTICE DAY delivered the opinion of the court.

William A. Richardson, for some years before his death Chief Justice of the Court of Claims of the United States, died at Washington, D. C., October 19, 1896. By his last will and testament, dated August 9, 1895, he described himself as "Chief Justice of the Court of Claims at Washington, a citizen and inhabitant of Cambridge, in the County of Middlesex and Commonwealth of Massachusetts, and having property in said County." By his will he appointed his brother George F. Richardson, of Lowell, Massachusetts, and Samuel A. Drury, of Washington, D. C., as executors and trustees. The will was probated in the Probate Court of Middlesex County, Massachusetts, on October 28, 1896. It appears in the record that the deceased had a little real estate in Massachusetts, but the main portion of his estate was, and always had been, in the City of Washington. The probate of the will in Massachusetts seems to have been in deference to the expression in the will as to his place of residence. Subsequently, and upon certain proceedings being instituted to enforce taxation in Massachusetts of the estate in the hands of the executors, the Supreme Judicial Court of Massachusetts held that the actual residence of Mr. Richardson could be inquired into in that proceeding, and upon the facts shown it was in the District of Columbia. *Dallinger* v. *Richardson*, 176 Massachusetts, 77. That case grew out of the imposition of personal taxes amounting to seven thousand five hundred dollars annually on the assets of the estate. As this would have nearly exhausted the income of the

estate and cut off the support of the beneficiaries under the will, a bill for injunction was filed in this case in the Supreme Court of the District by the father in behalf of the present appellants, who were the beneficiaries under the will. An amended bill was subsequently filed, having for its object an injunction against the executors from paying out of the estate any taxes in the State of Massachusetts, it being stated that, notwithstanding the recitals of the will, William A. Richardson's place of residence and last domicile was in the District of Columbia, where the assets and personal securities of the estate were in the keeping of Samuel A. Drury, also a resident of the District of Columbia. In addition to the injunction, the bill prayed an account of the property of the estate which had come into the hands of the executors under the will, and that they might be required to file an account from time to time. Mr. George F. Richardson, one of the executors, being a resident of the State of Massachusetts, and declining to submit to the local jurisdiction, the amended bill was filed against Samuel A. Drury alone. The answer of Drury stated that he had the custody and control of the assets and personal securities, and expressed his willingness to account in the court or in any other jurisdiction in that behalf for the moneys received by him as executor and trustee. Such proceedings were had that, on April 1, 1899, a decree was made continuing the restraining order theretofore made in the case, and finding that the late William A. Richardson was last domiciled in the District of Columbia, where the beneficiaries lived, and it was ordered and decreed that Samuel A. Drury and Samuel Maddox, both of the District of Columbia, be appointed trustees to perform the trusts created in the will, and they were "authorized and empowered to receive from the executors named in said will all the property whereof the deceased died seized and possessed, provided, nevertheless, that the said Samuel A. Drury and Samuel Maddox shall first give

separate bonds in the penal sum of Twenty-five thousand
dollars, each, with one or more securities to be approved
by this Court, conditioned for the faithful discharge of
their duties as such trustees." Some five reports were
made by the auditor to whom the matter was referred to
take accounts, and various proceedings were had, which
are fully set out in the opinion of the Court of Appeals in
this case (37 D. C. App. 519). It is enough for our pur-
poses to state that the proceedings resulted in an order of
reference to the auditor to state the account of the trustees.
This order was made on January 17, 1909. The auditor
named having died, a further order of reference was made
to another auditor to "state the final account of the
trustees and the distribution of the trust estate in their
hands, and report such commission or compensation to
the trustees as may be appropriate and proper." To this
report certain exceptions were filed by the present appel-
lants. Upon final hearing, a decree was entered by which
these exceptions were overruled, and the Court of Appeals
sustained this action of the Supreme Court (37 D. C.
App. supra). Hence this appeal.

The argument has taken a wide range, and questions
are discussed which are not embraced in the exceptions
filed to the auditor's report which was the basis of action
in the courts below, and in the Court of Appeals that
court dealt with only three exceptions, stating that a
number of exceptions were entered to the report, and
that those relied upon in that court related to the allow-
ance of a five per cent. commission on principal and ten
per cent. on income; to the $18,800 item allowed by the
Massachusetts court; and to alleged profits made by the
trustees in the purchase of notes for reinvestment.

Under the statute in force at the time of this appeal,
owing to the amount involved, the decision of the Court
of Appeals might be brought by appeal in review before
this court. This court therefore sits as an appellate court

for the purpose of reviewing the decree of the Court of Appeals, and that is the extent of the jurisdiction here. Original objections to the auditor's report and the decree of the Supreme Court, not brought forward in the Court of Appeals, cannot be made here. Alleged errors not of a fundamental or jurisdictional character, which were not presented to the appellate court for consideration, and which were waived, either expressly or by implication, will not be regarded as before this court. *Montana Railway Co.* v. *Warren,* 137 U. S. 348, 351; *Gila Valley Railway Co.* v. *Hall,* 232 U. S. 94, 98; *Grant Bros.* v. *United States,* 232 U. S. 647, 660. We shall then consider the assignments of error which were brought to the attention of the District Court of Appeals.

First, as to the allowance to the trustees of five per cent. commission on the principal, and ten per cent. on the income. As to this allowance, the auditor made a lengthy finding of fact, setting forth in detail the services rendered by the trustees over a period of ten years, finding, as to the character of the estate, that the great bulk thereof was second trust notes of small amounts, as to which the auditor says that the transactions were almost innumerable, the total number of notes approximating three thousand, and he sets forth in detail other services involving care of the real estate, looking after the repairs of the property, acquiring parcels of real estate, and the sale thereof, and saying in conclusion that he had no hesitancy in finding that the trustees were well entitled to the commissions allowed. This allowance met with the approval of both the District Supreme Court and the Court of Appeals, and seems to have the sanction of an earlier decision of this court, where it was said that such allowances were customary in Maryland and the District of Columbia. *Barney* v. *Saunders,* 16 How. 535, 542. We are not therefore prepared to disturb the decree of the courts below in this respect.

The next exception involves the allowance of the item
of $18,800.00 in the Probate Court of Massachusetts,
and charging the trustees with the balance of the estate
after that allowance had been made.  It appears that the
executors Richardson and Drury appeared on April 4,
1899, in the Massachusetts Probate Court and by peti-
tion set forth that they had been appointed and had given
bond and due notice of their appointment as executors of
the will of William A. Richardson; that there was not
at the time of the grants of the letters testamentary, and
had not been since, property belonging to the testator in,
the Commonwealth of Massachusetts; that since the
granting of letters testamentary Isabel Magruder, the
only surviving child and heir at law of the said testator
had deceased, and that under and by the terms and pro-
visions of said will it was provided that upon her decease
the property of the testator should be held by the execu-
tors of said will for the benefit of the two minor children
surviving the said daughter, namely, Alexander Richard-
son Magruder, of the age of sixteen years, and Isabel
Richardson Magruder, of the age of about thirteen years;
that these children who were interested as beneficiaries
in the trusts created by the will, at the time of the probate
thereof and ever since had resided at Washington, in the
District of Columbia; that Samuel Maddox and Samuel A.
Drury had been appointed by the Supreme Court of the
District of Columbia trustees for said minors, to carry out
the provisions of said will in behalf of the said minors,
and that Alexander F. Magruder had been appointed
guardian of said minors; and they further represented to
the court that William A. Richardson was not at the
time of his decease a resident of Massachusetts, but of
the District of Columbia, and that all the parties in in-
terest under the will, at the time of the probate thereof,
lived in Washington, as they had since and did then.
They represented that the will should have been probated

at Washington, in the District of Columbia, but either by
accident or mistake, probate in the Probate Court of
Middlesex County, Massachusetts, was had, and they
asked an order that they be authorized to pay over the
trust funds to the trustees appointed by the Supreme
Court of the District of Columbia, and that upon the pay-
ment of such funds to such trustees they be discharged
from further liability.

A decree was entered in the Probate Court of Massa-
chusetts on April 11, 1899, wherein it was found that by
the decree of the Supreme Court of the District of Colum-
bia, dated April 1, 1899, Samuel Maddox and Samuel A.
Drury had been duly appointed trustees to perform the
trusts of the will, and that the beneficiaries were residents
of Washington, and that the guardian of the minors had
signified his consent to the granting of the petition, and
that the laws of the District of Columbia secured the
performance of the trusts, and Richardson and Drury as
executors, were authorized to pay over the trust funds to
Maddox and Drury, as trustees. On April 25, 1899, in
the same Probate Court, Richardson and Drury, as execu-
tors, filed their first and final account, in which they
charged themselves with property in the aggregate of
$415,458.37, and asked to be allowed sundry payments
and charges. This account was endorsed with a request
for its allowance, signed by Alexander R. Magruder and
Isabel R. Magruder, by their guardian, Alexander F.
Magruder, and by Maddox and Drury, as trustees. On
April 25, the Probate Court made the following order:
"The foregoing account having been presented for allow-
ance, and verified by the oath of the accountant, and all
persons interested having consented thereto in writing,
and no objection being made thereto, and the same having
been examined and considered by the court: it is decreed
that said account be allowed." The schedules attached
show the property and the payments, charges, losses and

distributions, among others the item of $18,800.00, to which exception is made. This item states: "Expense of administration, including care of property, the payment of debts, the making of final account, the collection of notes amounting to $226,607.54, the investment in trust notes of $166,958.21, the collection from interest and other sources of $58,168.94, the payment of about $50,000 for repairs on real estate, the taking up of prior mortgages, taxes, etc., including also the payment of moneys to Isabel Magruder and to Alexander F. Magruder, the guardian of their minor children, counsel fees incurred in the defense of suits for taxes in Massachusetts and for counsel fees in Washington, etc.,   .   .   .   $18,800.00."

The auditor held that he had no authority to disregard or change this item of credit; that the same had been included in the reports of his predecessors and confirmed by the court; and that the allowance, having been made in the Probate Court of Massachusetts, was not open to review.

The Court of Appeals of the District of Columbia, in the course of its opinion in this case, states that the appellants contended that there was no jurisdiction in the Probate Court of Massachusetts to probate the will, a position which counsel for the appellant in this case disclaims in his brief filed herein, and says that the contention is that the order and decree in Massachusetts was not intended to be operative to diminish the accountability of the executors and trustees to the District of Columbia court. But we do not so interpret the proceedings. The account was filed in the Massachusetts court; and, the record recites, was examined and considered by the court and duly allowed. This order, read in connection with the rules of the Massachusetts court set out at the head of the account, stating the authority of the court to allow reasonable expenses and compensation, shows that it was the intention of the Probate Court to make an

allowance including such expenses and compensation. Apart from the concession of the jurisdiction here made, we have no doubt that the Massachusetts court, on the presentation of the will, had the right to determine its jurisdiction to receive and probate the same, and upon ordering the property turned over to the trustees appointed in the District of Columbia, to settle the account and fix the compensation of the executors and order the balance turned over to the trustees. True, the Massachusetts court held, in the case of *Dallinger* v. *Richardson,* 176 Massachusetts, 77, *supra,* that Richardson was not a resident of Massachusetts. In the course of the opinion in that case, the court points out that, for the purpose of the tax question, the matter of residence was not foreclosed by the adjudication of the Probate Court, whether in accordance with the truth or not.

It is well settled that the decree of the court which has acquired jurisdiction of an estate and settled an account cannot be collaterally attacked, *Jenison* v. *Hapgood,* 7 Pickering 1, 7. In that case it was held that what assets came into the executor's hands, what debts he had paid, and so of every matter properly done or cognizable in the Probate Court, the judgment of that court is conclusive. See also *Abbott* v. *Bradstreet,* 3 Allen, 587. There was no attempt to probate the will in the District of Columbia, in which event the finding of the fact of domicile in the proceedings in Massachusetts would not have been conclusive here. *Overby* v. *Gordon,* 177 U. S. 214. The trustees were authorized to receive the assets from the executors. The Probate Court in Massachusetts, and no other court, had authority to settle the executors' accounts and determine their compensation. *Vaughan* v. *Northup,* 15 Pet. 1. We cannot agree with counsel for the appellant that the order of the Probate Court was based upon consent only, and that this is a case for the application of the rule that the trustees' consent to such a decree

cannot work to the prejudice of the beneficiaries of the trust. Whether the guardian might give such consent, we do not find it necessary to decide, for the decree shows that the account was presented, verified by the oath of the accountants, and that it was examined and considered by the court.

The next exception involves the allowance of commissions on the notes purchased from Mr. Drury's firm. The contention before the auditor was that one trustee had received compensation in connection with the handling of these investments, and that that should be taken into account. As to this exception, the auditor finds that "the fact clearly appears from the testimony that Arms & Drury as real estate brokers, made loans on trust notes, upon which loans they were paid by the borrowers a commission ranging from one to two per cent., according to the circumstances of the case, many·being building loans; that subsequently as notes of the trust estate were paid off Mr. Drury would reinvest the monies of the estate in trust notes held by Arms & Drury, paying the face value and accrued interest on the notes so purchased." As a matter of law, the auditor concluded: "No profit was made by the firm of Arms & Drury on the sales of the notes to the trustees. . . . The transactions of Arms & Drury with the trustees were in the regular course of their business, in which they had their own monies invested. They cost the estate not a penny more than if the transactions had been with some other firm or individual. If the firm of Arms & Drury, out of their own monies, made loans on promissory notes, upon which loans were paid by the borrower the customary brokerages, those were profits on their own funds, in which this estate could have no interest, and in which it could acquire no interest by reason of the subsequent purchase of those notes by the trustees for their real value, any more than could any of the purchasers of such notes from Arms & Drury claim such an

interest. No charge of malfeasance or misfeasance is made against the trustees or that by reason of these transactions the trustees benefited in any manner out of the money of this estate. On the contrary, the relation of the firm of Arms & Drury to Drury and Maddox, trustees, benefited the estate, by enabling the trustees at all times to make immediate re-investment of its funds, without loss of income, and by enabling the trustees to at all times readily procure re-investments without payment of brokerage, a brokerage not uncommonly charged the lender for placing his money, as well as the borrower for procuring his loan in times of stringency. The application of the well known rule in equity should rather, therefore, be in favor of the trustees than against them with respect to these transactions. The objection narrows itself to a claim that Drury by reason of his position as trustee, should in addition to the benefit of his valuable services, commercial knowledge, and business acumen, make the estate a gift of profits on his individual monies, to which the estate is in no wise entitled, and to which it could not make a semblance of reasonable claim, had the trustees been other than Drury or the agents of the estate been other than Arms and Drury." This view seems to have met with the approval of the Supreme Court, and a like view was taken by the Court of Appeals of the District of Columbia, (37 D. C. App. 519, *supra*).

It is a well settled rule that a trustee can make no profit out of his trust. The rule in such cases springs from his duty to protect the interests of the estate, and not to permit his personal interest to in any wise conflict with his duty in that respect. The intention is to provide against any possible selfish interest exercising an influence which can interfere with the faithful discharge of the duty which is owing in a fiduciary capacity. "It therefore prohibits a party from purchasing on his own account that which his duty or trust requires him to sell on account of another,

and from purchasing on account of another that which he sells on his own account. In effect, he is not allowed to unite the two opposite characters of buyer and seller, because his interests, when he is the seller or buyer on his own account, are directly conflicting with those of the person on whose account he buys or sells." *Michoud* v. *Girod,* 4 How. 503, 555.

It makes no difference that the estate was not a loser in the transaction or that the commission was no more than the services were reasonably worth. It is the relation of the trustee to the estate which prevents his dealing in such way as to make a personal profit for himself. The findings show that the firm of which Mr. Drury was a member, in making the loans evidenced by these notes, was allowed a commission of one to two per cent. This profit was in fact realized when the notes were turned over to the estate at face value and accrued interest. The value of the notes when they were turned over depended on the responsibility and security back of them. When the notes were sold to the estate it took the risk of payment without loss. While no wrong was intended, and none was in fact done to the estate, we think nevertheless that upon the principles governing the duty of a trustee, the contention that this profit could not be taken by Mr. Drury owing to his relation to the estate, should have been sustained.

We find no other error in the proceedings of the Court of Appeals, but for the reason last stated, its decision must be reversed, and the cause remanded to that court with directions to remand the cause to the Supreme Court of the District of Columbia for further proceedings in accordance with this opinion.

*Reversed.*