J. H. LANE & CO. et al. v. MAPLE COTTON MILL et al. SAME v. HAMER COTTON MILLS et al. TALLMAN v. DILLON COTTON MILLS et al.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1916.)

Nos. 1362-1364.

1. CORPORATIONS ☞619—SALE OF PROPERTY—PURCHASE BY TRUSTEES.

Under Civ. Code, S. C. 1912, § 2815, providing that upon the dissolution of a corporation the directors shall be trustees, with full power to settle the corporation's affairs, sell its property, etc., directors of a corporation so selling its property as statutory trustees could not buy the property for themselves, or a new corporation organized by them, where the amounts of their bids were less than the value of the property, and the sales would be set aside, as the positions of buyer and seller are inconsistent, and a trustee will not be permitted to assume both positions.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2459, 2460; Dec. Dig. ☞619.]

2. CORPORATIONS ☞619—SALE OF PROPERTY—PURCHASE BY TRUSTEES.

A purchase of property by the attorney for such directors would also be set aside, though he was also acting for other parties interested, and with the best intentions towards all concerned, especially where his purchase was in conjunction with the purchases by the directors, and so closely connected with them that it would add to the existing confusion to allow it to stand while setting aside the others.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2459, 2460; Dec. Dig. ☞619.]

Appeals from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

On rehearing. Former affirmance set aside, judgment reversed, and cause remanded, with instructions.

For former opinion, see 226 Fed. 692, —— C. C. A. ——.

Frederic R. Kellogg, of New York City (Huger, Wilbur & Guerard and Wm. C. Miller, all of Charleston, S. C., and William H. Fain, Kellogg, Emey & Cuthell, and Earle L. Beatty, all of New York City, on the brief), for appellants.

H. J. Haynsworth, of Greenville, S. C. (Haynsworth & Haynsworth, of Greenville, S. C., and Gibson & Muller, of Dillon, S. C., on the brief), for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. In the opinion heretofore filed in this cause a full statement was made of the legal issues and the facts out of which they arose. It is sufficient to say here that the appeal is from a decree of the District Court refusing to set aside, at the in-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stance of J. H. Lane & Co. and John M. Tallman, minority stockholders, sales of the Dillon Cotton Mills, Maple Cotton Mill, and the Hamer Cotton Mills, made in pursuance of resolutions of the stockholders of the several corporations.

This court affirmed the decree holding that the District Judge had decided correctly all the questions referred to in his opinion. As to one of the points made in argument here, this court said:

"It was argued in this court that the sale was invalid because the property was bid off by the trustees and their attorney at a sale made by themselves. The objection would, to say the least, be of most serious import had it been made before the District Court and error assigned in the court's finding on it. Michoud et al. v. Girod et al., 45 U. S. [4 How.] 503 [11 L. Ed. 1076]; Scottish-American Mtg. Co. v. Clowney, 70 S. C. 229 [49 S. E. 569, 3 Ann. Cas. 437]; McCallum v. Grier, 86 S. C. 162 [68 S. E. 466, 138 Am. St. Rep. 1037]. But the sale was treated by the District Judge as having been made to the Dillon Mills on behalf of the majority stockholders, and his opinion gives no intimation that objection was made on the ground that a trustee could not bid off property at his own sale. A point not presented to the court below and passed on cannot be considered by this court. Missouri Pacific Railway Co. v. Fitzgerald, 160 U. S. 575 [16 Sup. Ct. 389, 40 L. Ed. 536]; Pine River Logging Co. v. United States, 186 U. S. 279 [22 Sup. Ct. 920, 46 L. Ed. 1164]."

A petition for rehearing on this point was filed on the ground that while the record did not show it, yet it was a fact that the point referred to had been made and fully argued in the District Court, and that it was understood by the court and the counsel that it had been passed on and decided by the District Court adversely to the appellants. An order was then made requiring the appellees to show cause—

"why the record in these causes on appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston should not be amended so as to show that the District Court considered the point as to whether the sale was made invalid by reason of the fact that the property was bid off by the trustees or their attorneys at the sale made by them."

By the petition and the return the court was convinced that the point referred to had been made and argued before the District Court, and was considered by all parties to have been passed on by the District Court adversely to the appellants. The court being unwilling under these circumstances, that the appellants should lose the benefit of a point of importance through mere inadvertence, considered that the record should be treated as properly amended. The assignments of error though very general in their form thus became responsive to the finding of the District Court on this point and drew in question the legality of the successful bids of the trustees and their attorney. Consequently reargument of the point was ordered.

[1] In the course of the dissolution proceeding, sales of the plants of the Maple Cotton Mill, Hamer Cotton Mills, and the Dillon Cotton Mills were made by the directors as trustees under the authority conferred by the following state statute:

"Upon the dissolution in any manner of any corporation, the directors shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts. sell and convey the property and divide the moneys and other property among the stockholders after paying its debts, as far as such moneys and property shall enable them; they shall have power to meet and act under the by-

laws of the corporation and under regulations to be made by a majority of said trustees, to prescribe the terms and conditions of the sale of such property, and may sell all or any part for cash, or partly on credit, or take mortgages and bonds for part of the purchase price for all or any part of said property." Section 2815, vol. 1, Code 1912.

The statute thus made the directors trustees, and their trust was to all the stockholders—the minority as well as the majority. The Maple Mill plant was bid off by Wm. Hamer for $155,000, the Hamer Mill plant by W. T. Bethea for $190,000, and the Dillon Mill plant by Mr. H. J. Haynsworth for $50,000. Hamer and Bethea were directors and statutory trustees making the sale. Mr. Haynsworth was attorney for the trustees and for the new corporation to which the bids were afterwards assigned. The bids were all below the value of the property. We are convinced that no actual fraud was intended, and that all the parties were endeavoring to promote the interests of those concerned. Yet in legal contemplation the position of a seller is that of a person trying to get as high price as possible for the property; that of a purchaser of one trying to buy at as low price as possible. The two positions are inconsistent and irreconcilable, and the law forbids a trustee to assume both.

Minority stockholders who had refused to go into the new corporation were interested that the property should bring as much as possible. The trustees representing them in selling had no right to become purchasers for themselves or to purchase for another. The Supreme Court thus states the principle and lays down the rule:

"The rule of equity is, in every code of jurisprudence with which we are acquainted, that a purchase by a trustee or agent of the particular property of which he has the sale, or in which he represents another, whether he has an interest in it or not—per interpositam personam—carries fraud on the face of it. * * *"

"Where a person cannot purchase the estate himself, he cannot buy it as agent for another. 9 Ves. 248; Ex parte Bennet, 10 Ves. 381. The general rule stands upon our great moral obligation to refrain from placing ourselves in relations which ordinarily excite a conflict between self-interest and integrity. It restrains all agents, public and private; but the value of the prohibition is most felt, and its application is more frequent, in the private relations in which the vendor and purchaser may stand towards each other. The disability to purchase is a consequence of that relation between them which imposes on the one a duty to protect the interest of the other, from the faithful discharge of which duty his own personal interest may withdraw him. In this conflict of interest, the law wisely interposes. It acts not on the possibility, that, in some cases, the sense of that duty may prevail over the motives of self-interest, but it provides against the probability in many cases, and the danger in all cases, that the dictates of self-interest will exercise a predominant influence, and supersede that of duty. It therefore prohibits a party from purchasing on his own account that which his duty or trust requires him to sell on account of another, and from purchasing on account of another that which he sells on his own account. In effect, he is not allowed to unite the two opposite characters of buyer and seller, because his interests, when he is the seller or buyer on his own account, are directly conflicting with those of the person on whose account he buys or sells."

See Michoud et al. v. Girod et al., 4 How. 503, 11 L. Ed. 1076; U. S. v. Oberlain M. Carter, 217 U. S. 286, 30 Sup. Ct. 515, 54 L. Ed. 769, 19 Ann. Cas. 594; Magruder v. Drury and Maddox, Trustees, 235 U. S. 106, 35 Sup. Ct. 77, 59 L. Ed. 151; Scottish-American Mtg.

Co. v. Clowney, 70 S. C. 229, 49 S. E. 569, 3 Ann. Cas. 437; Mc-Callum v. Grier, 86 S. C. 162, 68 S. E. 466, 138 Am. St. Rep. 1037; Perry on Trusts, § 602. These decisions cover the precise point involved and are binding on this court.

[2] Mr. Haynsworth it is true was acting for other parties interested and no doubt acted with the best intentions towards all concerned; but he was also the representative of the trustees. Besides the purchase by him was in conjunction with the other purchases, and so closely connected with them that it would add to the confusion already existing to allow it to stand while setting aside the others. We have considered carefully the cases cited by counsel for appellees holding that when the transaction is shown to be in all respects fair, a purchase from the corporation by the directors or by another corporation in which they are interested will be sustained. Ryan v. Williams (C. C.) 100 Fed. 172; Marks v. Merrill Paper Co., 203 Fed. 16, 123 C. C. A. 380; Green v. Bennett (Tex. Civ. App.) 110 S. W. 108. Where such sales have been sustained a showing has been usually required, not only of the utmost fairness, but of adequate price; in this case, as we have indicated, the successful bids by the trustees were less than the value of the property. But, aside from that consideration, the case does not fall under the authorities relied on, because the persons who sold this property and bought it were not acting as directors, but as statutory trustees, whose express trust was to sell the property to the best possible advantage. The conclusion seems inevitable, under the law as laid down by the Supreme Court of the United States and the Supreme Court of South Carolina, that the sales must be set aside.

For the reasons stated, we are of opinion that the court below erred in its decree refusing to set aside the sales of this property. Therefore the decree of the lower court is reversed, and the cause remanded, with the instructions to set aside the sales, without prejudice to the right of the trustees to resell, or to the stockholders to order another sale by different trustees, or to the rights of the purchaser or any other person to apply to the District Court for subrogation or any other proper relief on account of payments made for the benefit of the corporations, and without prejudice to the rights of any party in interest to apply to the District Court for a resale under the direction of the court, or for any other order that may be proper for the adjustment of the equities of the parties, not inconsistent with this opinion.

Reversed.