## In re WEBSTER LOOSE LEAF FILING CO.

(District Court, D. New Jersey. September 19, 1918.)

BANKRUPTCY ⬤⟳365—TRUSTEE—ACCOUNT—SURCHARGING.

A trustee's paramount duty is to conserve and advance the interests of the bankrupt estate, and if he fails to keep himself clear of alliances which tempt to make the estate's interest subordinate to his own, he must account, not only for losses suffered, but for gains made by him; hence, where trustee, through the medium of his wife as a dummy, entered into a partnership with a salesman and made profits in dealing with the trust estate, he must account therefor.

In Bankruptcy. In the matter of the bankruptcy of the Webster Loose Leaf Filing Company, bankrupt. On review of referee's order refusing to surcharge the trustee's account. Reversed.

See, also, 240 Fed. 779.

Wm. Huck, Jr., of New York City, for objecting creditor.
Raymond, Mountain & Marsh, of Newark, N. J., for trustee.

RELLSTAB, District Judge. The refusal of the referee to surcharge the account of the trustee is here for review. The trustee had been previously removed by this court. The referee found that, under cover of his wife, he had entered into partnership with a salesman employed by him while he was continuing the bankrupt's business; that he paid to such copartnership considerable sums of money as commissions, of which there had been paid to his wife the sum of $610. The referee considered this arrangement as one for the benefit of the trustee, and an effort on his part to secure more compensation for his services than could be allowed him under the Bankruptcy Act. For this reason he denied him any commissions, but declined to surcharge his account with the moneys so paid to his wife. In his certificate, after giving his reasons for disallowing commissions, the referee said:

"That leaves one question, and that is, in addition to being deprived of his commissions as trustee, should he be surcharged with the amount that he or his wife, which, of course, means himself under the findings, received from the copartnership of Mrs. Moeller and Mr. Hobbie? I have not been able to reconcile my mind upon that one point, and I shall reserve decision upon that. If counsel wish to furnish me with any further authorities as to the law upon that subject, I shall be very glad to get them. The surcharge, if any, will be fixed at $610, instead of $960. At a later date, both counsel for the trustee and counsel for the objecting creditors filed briefs, which are herewith inclosed and made a part of this report. An order was then made that no surcharge be made, and from this order the objecting creditors have filed a petition for review."

The referee gave no reasons for refusing to surcharge, and the only reason assigned by counsel for the trustee, on the argument hereof, was that as the estate suffered no loss no surcharge could be made. However, this, even if true, as pointed out by the court on the argument, is not the test in matters of this character. The trustee's paramount

duty is to conserve and advance the interests of the estate intrusted to him. This he can do only by keeping himself clear of alliances which tempt him to make the estate's interest subordinate to his own. If he fails in this particular, he must account, not only for losses sustained by the beneficiaries, but for gains made by him in dealing with the trust estate. Michoud v. Girod, 4 How. (45 U. S.) 503, 555, 11 L. Ed. 1076; Barney v. Saunders, 16 How. (57 U. S.) 535, 14 L. Ed. 1047; Magruder v. Drury, 235 U. S. 106, 119, 35 Sup. Ct. 77, 59 L. Ed. 151; In re Frazin & Oppenheim (C. C. A. 2) 181 Fed. 307, 104 C. C. A. 529, 24 Am. Bankr. Rep. 598; Hill v. Hill, 79 N. J. Eq. 521, 526, 549, 82 Atl. 338, et seq. The rule is a strict one, and there will be no relaxation in aid of an unfaithful trustee in bankruptcy. The statute fixes the maximum compensation that can be allowed trustees, and no subterfuge, by which an increase is sought, will be permitted. See sections 48, 62, and 72 (Act July 1, 1898, c. 541, 30 Stat. 557, 562, 800 [Comp. St. 1916, §§ 9632, 9646, 9656]).

In the instant case the wife was made a member of the copartnership as the representative of the trustee. She was not a business woman and performed no service for the copartnership. The salesman—a Mr. Hobbie, the other member of the copartnership—solicited the trade and the trustee furnished the office and kept the accounts. The commissions, viz. 30 per cent. to 40 per cent., were allowed on all sales made in certain territories, whether secured through the efforts of the copartnership or not. Whether these commissions were excessive is not material, but the willingness of Hobbie to share them with the wife or the trustee is indicative that they were. But if they were no more than would have been allowed, if paid to others, that would not justify their allowance in the trustee's account. As was said in Magruder v. Drury, supra, 235 U. S. 120, 35 Sup. Ct. 82, 59 L. Ed. 151:

"It makes no difference that the estate was not a loser in the transaction, or that the commission was no more than the services were reasonably worth. It is the relation of the trustee to the estate which prevents his dealing in such way as to make a personal profit for himself."

The wife was but the trustee's "dummy," to secure a share of the commissions which he bargained for and allowed, and they must be treated as paid to himself. The item of $610, being the aggregate amount paid to the trustee's wife, cannot be allowed him as "necessary expenses incurred * * * in the administration" of this estate, and his account must be surcharged by that sum.

The referee's order, refusing to so surcharge, is reversed.