[L. A. No. 15448.   In Bank.—March 24, 1936.]

In the Matter of the Guardianship of the Estate of SELMA SYLVIA STEINBERG (a Minor).   FRIEDA SIEGELMAN, Guardian, etc., Appellant, v. SELMA SYLVIA STEINBERG (a Minor), Respondent.

George S. Hupp for Appellant.

Alexander W. Staples for Respondent.

SHENK, J.—Frieda Siegelman, as guardian of the estate of Selma Sylvia Steinberg, a minor, filed her final account. The minor objected to a charge of 6,666 shares of the capital stock of Benjamin Kaplan & Co., Inc. After hearing the trial court found that the correct accounting should be a

charge of 3,333 shares of said stock and the sum of $5,000 with interest from September 26, 1928. From the order so settling the account and the judgment entered on the findings, the guardian has appealed. The only contentions on the appeal are that the findings are not supported by the evidence and that the court has not applied the correct "measure of damages".

██ The issuable and issued shares of Benjamin Kaplan & Co., Inc., a California corporation, numbered 20,000, of which 6,668 shares were owned by Benjamin Kaplan, its president, 6,666 by Frieda Siegelman, who is Kaplan's sister, in her own right, and 6,666 shares were owned by the minor, a niece, and held by the guardian as part of the minor's estate. About September 26, 1928, the guardian used the two-thirds' control thus afforded her to oust Kaplan as president and elect herself in his place, in pursuance of a threat made by her so to do unless Kaplan would purchase her stock for $10,000. Her coup was successful and Kaplan paid her the sum of $10,000, took 6,666 shares of stock from her, and re-elected himself president. Since that time the stock of the corporation has greatly depreciated in value. The final account of the guardian was filed in August, 1934. The trial court found that the sale by the guardian of the stock for her sole account was an abuse of her trust as guardian, and that she should be charged in accordance with the court's conclusion that she sold one-half of her own stock and one-half of the minor's.

There is no merit to the arguments presented on the appeal, all of which resolve themselves into a contention that the findings and judgment are not supported. The only showing necessary to justify the findings and judgment, and which was made, was that the guardian dealt with the trust property for her own financial gain. While the facts herein are not identical with those involved in such cases as *Wickersham* v. *Crittenden*, 93 Cal. 17 [28 Pac. 788], and *Pacific Vinegar etc. Works* v. *Smith*, 145 Cal. 352 [78 Pac. 550, 104 Am. St. Rep. 42], the principles there stated are applicable and control the disposition of the appeal adversely to the guardian's contentions. (Civ. Code, sec. 2229. See also *Magruder* v. *Drury*, 235 U. S. 106 [35 Sup. Ct. 77, 59 L. Ed. 151]; *In re Montgomery's Estate*, 140 Wash. 51 [248 Pac. 64].) The court was justified on the facts presented in concluding that the

guardian could not in good conscience retain the fruits of the transaction procured through the use by the guardian of the ward's stock, the retention of which would be a benefit solely to the guardian and a great financial loss to the ward.

It may also be said that the court has not imposed an incorrect "measure of damages". The ward was not suing for damages, in the sense in which that word is used in actions to recover damages for breach of contract of sale of personal property, which is apparently what the appellant has in mind. It is arguable from the cases above cited that the ward, on her objection to the account as rendered, would have been entitled to have the entire amount of the sale credited to her. The court, however, took the view that the transaction should be credited for the joint benefit of the ward and the guardian. This is not a solution of which the guardian may complain, and the ward has not appealed from the judgment.

Other points need not be specially noticed.

The judgment is affirmed.

Thompson, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.