ESTHER ROTHENBERG, complainant, and JEROME ROTHEN-.
BERG, complainant-appellant,

*v.*

FRANKLIN WASHINGTON TRUST COMPANY and FRANKLIN
MORTGAGE AND TITLE GUARANTY COMPANY, CLARA E.
ROTHENBERG, FREDA JAYSON, JOSEPH H. ROTHENBERG
and SALLY BARNETT, defendants-respondents, and SAM-
UEL A. ROTHENBERG, JR., an infant, defendant-appellant.

[Argued February term, 1943.  Decided April 30th, 1943.]

*Mr. Bernard Mindes* and *Mr. Israel B. Greene,* for the
complainant-appellant.

*Mr. Harry Schaffer,* for the defendant-appellant.

*Mr. Milton M. Unger,* for Franklin Washington Trust Co.

*Mr. Emil A. Trautman, Jr.,* for Franklin Mortgage and
Title Guaranty Co.

*Mr. William H. Parry,* for the defendants-respondents.

The opinion of the court was delivered by

BODINE, J.

This court in a case between the same parties reported in *129 N. J. Eq. 362,* held that as to the infant beneficiaries of the Rothenberg trust it was improper for the trustee to purchase mortgages from its affiliated Mortgage Company since there was an interlocking directorate.

We held in *131 N. J. Eq. 463,* that the Trust Company must account for such profits as were made. After the *remittitur* went down, an order was entered in the Court of Chancery which, so far as pertinent, provided as follows: "that the defendant, Franklin Washington Trust Company, Trustee do account for and pay to the trust estate, all the profits derived by it, if any, arising from the self-dealing in connection with the purchase by the trust estate of all mortgage investments from the Franklin Mortgage & Title Guaranty Co., to the extent of the interest of Jerome Rothenberg and Samuel A. Rothenberg, Jr.; * * *. The said special master is hereby empowered to examine or cause to be examined the books of account and records and papers of the said defendants, Franklin Washington Trust Company and Franklin Mortgage & Title Guaranty Co., touching and concerning such profits." This order was in accordance with our opinion.

Thereafter the learned Vice-Chancellor, pursuant to the opinion filed by him, limited the accounting to the profits, if any, made by the Trust Company. It was thereby allowed to go free respecting any profit the Mortgage Company may have made in the mortgage business. There is usually a brokerage charge made on the placement of a mortgage and sometimes on its sale. If so, this unjustly enriched the trustee because of its interest in the Mortgage Company.

In *Magruder* v. *Drury, 235 U. S. 106,* it appears that a trustee under a will was a partner in a real estate brokerage firm. The brokerage firm would, from time to time, invest money on the security of real estate and receive therefor the usual brokerage fees. When the trust estate required investments, the trustee would purchase them from his brokerage

firm. The court held that although there was no loss that the trustee must account for the brokerage fees received by his real estate firm and said: "While no wrong was intended, and none was in fact done to the estate, we think nevertheless that upon the principles governing the duty of a trustee, the contention that this profit could not be taken by the trustee owing to his relation to the estate, should have been sustained." Trustees may not secure any advantage from a trust estate save the commissions allowed by law.

The principles of *Magruder* v. *Drury, supra,* govern this case and the trustee is liable to account for the profits made by it and by its affiliate. See, also, *Scott on Trusts* § *170-22.* The bonuses or commissions received by the Mortgage Company are not to be regarded as income to the trust estate, in which the infants would have no interest, but are like a profit derived from the sale or exchange of securities which increases the *corpus. 4 Bogert on Trusts* § *819.*

The profits, by whatever named called, if any, made by the Mortgage Company as well as by the Trust Company by reason of the undisclosed dealings, are to be recovered. There is no evidence in the records in the cases presented to this court as to what they were and discovery can be only made from the general books and records of the companies.

There is, of course, no requirements that the affairs of the Mortgage Company be examined with respect to any matter other than as to a profit, bonus or commission, if any, made with respect to the mortgages in the trust estate.

It was lawful for the Trust Company to deposit the funds awaiting investment in an account in its own bank. *N. J. S. A. 17:4-31.* When the securities were purchased, the moneys must have been drawn from the account so that the remedy runs against any profit made with respect to the securities purchased and not against the moneys placed in the Mortgage Company's account.

The legislation cited changed the common law rule requiring a corporate trustee to keep trust moneys in an institution other than its own. A bank deposit creates a debtor creditor relation when the funds may be used in its own business. Hence, the statutory prohibition against such use. But what-

ever the nature of the account the funds were so promptly invested that no inquiry should be pursued as to that matter. See, also, *Restatement Trusts* § *87 (J) 170M*.

Such Mortgage Company books and papers, as show the profit and loss account as to each questioned mortgage, should be produced.

The order under appeal must, therefore, be reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, WELLS, RAFFERTY, THOMPSON, JJ. 11.