**In re HALLENBACK'S ESTATE.**

**No. 79319.**

United States District Court
District of Columbia.

May 26, 1954.

Sidney S. Sachs, Washington, D. C., for Bertha Anderson and Timothy F. Kyne (Michael B. Kelly, Adm'r for Kyne).

Dennis Collins, Washington, D. C., for Michael B. Kelly.

Ewell G. Moore, Jr., Arlington, Va., for executrix (Hedrick).

McGUIRE, District Judge.

The decedent, Sarah Hallenback, residing and domiciled in this jurisdiction, died on December 18, 1951, leaving a paper in the nature of a last will and testament dated September 24 of that year. In this instrument she named as executrix one Anna Fancher Hedrick, a member of the Virginia Bar, practicing in Arlington, Virginia. Subsequently, there was a petition for caveat filed on February 25, 1952 by several nieces and nephews of the decedent, being the children of a deceased brother, one William Hill. Answer was had, issues were framed, and in the meantime the named executrix was appointed collector of the

estate under the authority of this Court. Pre-trial was had, and later there was a motion for summary judgment filed by the caveatee, the executrix. This was denied as was also a motion for rehearing, this in September and October of 1952. The case went to trial on October 14 of that year and there was a directed verdict sustaining the will, as a result of compromise, which was admitted to probate November 12, 1952.

The first and final account was filed on January 29, 1953 which indicated that the total assets of the estate apart from a piece of real estate at 3752 W Street, Northwest in the District of Columbia, amounted to $6,187.56. The executrix, having been appointed collector, was permitted a fee of 5% of this amount, totaling $309.38. She originally claimed $618.75 or 10% of the total. This claim, however, was reduced by the Court upon exceptions being filed to the sum indicated, this on March 16, 1953. On August 11 of that same year she filed a petition in her capacity as executrix to validate a sales contract with one Ruth A. Morris with reference to the real estate referred to above and entered into by the decedent about two months before her death, namely, October 15, 1951.

This petition was granted and an order signed permitting its sale on August 11, 1953. This brought the total of the personalty in the hands of the executrix to around $22,135. On November 30 there was a motion filed for compensation by the attorney for the executrix and caveatee in the sum of $3,500. It appeared, however, and is not denied, that he is a member of the same law firm of which the executrix is a member. In the motion filed he candidly indicated this fact and the fact also that he maintained a law office in the District of Columbia. This motion was opposed by the residuary legatees and counsel for another residuary legatee, one Kyne, since deceased. The movant further makes the claim that with the consent of the residuary legatees the executrix employed him as an attorney for the estate but that it was agreed that the executrix and he would not share in the counsel fee.

■ First of all, I conclude under the circumstances that a fee of $3,500 is excessive, having in mind the nature of the case, the problems inherent therein, and the amount involved, and the fact that the matter was compromised. Secondly and more important, it is settled law in this jurisdiction that an individual acting in a fiduciary capacity who is also a lawyer cannot separate his or her activities into two categories, making a charge for services as a fiduciary on the one hand and for services as counsel on the other.

■■ The executrix, of course, had the right to employ counsel and was compelled to do so, a caveat being filed, but when she employed her partner, this was tantamount to employing herself. It is of little moment to contend that by agreement any fee paid would not be shared in. The vice of the matter is in the arrangement and not in the result. In a leading case [1] arising in this jurisdiction the rule is well stated that "a trustee [executrix] can make no profit out of his trust. The rule in such cases springs from his duty to protect the interests of the estate, and not to permit his personal interest to in any wise conflict with his duty in that respect. The intention is to provide against any possible selfish interest exercising an influence which can interfere with the faithful discharge of the duty which is owing in a fiduciary capacity."

And in a very early English case [2] where an executrix and trustee under a will employed her co-trustee, who was a solicitor, to transact the necessary business of a legal trust, it was held that the solicitor was entitled only to costs out of pocket. To similar effect is In re Par-

1. Magruder v. Drury, 1914, 235 U.S. 106, 119, 35 S.Ct. 77, 82, 59 L.Ed. 151.

2. Broughton v. Broughton, 1855, 5 De G. M. & G. 160, 43 Eng.Rep. 831.

ker's Estate[3] which cites with approval the case above referred to, and in which, 251 P. at page 910, the following language appears:

"It clearly is the duty of every executor, when engaging counsel to render professional services for the estate, to employ the best legal talent available for the stipulated compensation. But he would place himself in a position where there would be a clash between his own personal interest and his duty to employ the ablest counsel obtainable for the agreed compensation if, being himself a lawyer, he should undertake to perform that service himself with the intention of charging the estate therefor, or if, being a member of a law firm and sharing in the profits to be made, he should employ his firm to render the necessary professional services. Again, it is the duty of every executor to oppose any charge which the attorney or attorneys employed by him might make against the estate for extraordinary legal services, if there be no substantial ground for the claim that the services were indeed extraordinary. But his personal interest would conflict with this duty, if the services were rendered by his own law firm and he is to share in the earnings."

Nothing more needs to be said and it should be taken by the Bar now as conclusive that such arrangements will not be countenanced.

The Court, however, is of the opinion in this case that the executrix acted in good faith, and was forced through circumstances to employ counsel to defend the validity of the instrument which she had been named to execute. Her services, therefore, are regarded as extraordinary for which she is to have additional compensation in the sum of $1,000. This disposition of the matter is not to be regarded in any sense as a precedent. Counsel so acting in the future in similar capacity will take nothing. The motion for compensation in the nature of fee is denied for the reasons stated. Cf. generally Collier v. Munn, 1869, 41 N.Y. 143.

Order accordingly.

3. 1926, 200 Cal. 132, 251 P. 907, 910, 49 A.L.R. 1025.